1  Douglas A. Pettit, Esq., SBN 160371
   Alexander P. Cohen, Esq., SBN 317672
2  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   11622 El Camino Real, Suite 300
3  San Diego, CA 92130
   Telephone:  (858) 755-8500
4  Facsimile:   (858) 755-8504
   E-mail:      dpettit@pettitkohn.com
5               acohen@pettitkohn.com

6  Miguel Leff, Esq., SBN 232461
   **LAW OFFICE OF MIGUEL LEFF**
7  875 Prospect St., Suite 206
   La Jolla, CA 92037
8  Telephone:  (858) 255-0001
   Facsimile:   (858) 456-5800
9  E-mail:      miguel@lefflawoffices.com

10 Attorneys for Plaintiffs
   **MANUEL RODITI and VENICE BEJARANO**

11

12              **UNITED STATES DISTRICT COURT**

13           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14

15 Manuel Roditi and Venice Bejarano    CASE NO.:  **'20 CV 1908 BEN MSB**

16              Plaintiffs,

17 v.                                   **COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS**

18 New River Investments Inc., Roditi &
   Roditi LLC, Alberto Roditi,          **JURY TRIAL DEMANDED**
19 Guillermo Roditi Dominguez

20              Defendants.             Courtroom:
                                        District Judge:
21                                      Magistrate Judge:
                                        Complaint Filed:
22                                      Trial Date:

23      Plaintiffs Manuel Roditi and Venice Bejarano ("Plaintiffs") allege as follows:

24                    **JURISDICTION AND VENUE**

25      1.      This Court has subject matter jurisdiction over this action pursuant to

26 28 U.S.C. § 1332, in that it is an action between citizens of a State (California,

27 Nevada, Colorado) and citizens or subjects of a foreign state (Mexico), and the

28 amount in controversy exceeds $75,000, exclusive of interest and costs.

5000-1231

                                        1
   COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
                                        CASE NO.

2.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and § 27 of the Securities Exchange Act of 1934 (the "Exchange Act").  Plaintiffs' claims arise under Section 10(b) and Rule 10b-5, which is set forth by the Securities Exchange Commission under the authority of section 10(b).

3.     This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are related to claims within this Court's original jurisdiction such that they form part of the same case or controversy under Article III.

4.     Venue is proper in this district pursuant to § 27 of the Exchange Act and 28 U.S.C. § 1391(b) because many of the acts giving rise to the violations of which Plaintiffs complain took place in this district and the individual and entity defendants used the instrumentalities of interstate commerce in connection with the sale of unregistered securities in this district.

## THE PARTIES

**Plaintiffs**

5.     Plaintiff Manuel Roditi ("Manuel") is a citizen and resident of Mexico.

6.     Plaintiff Venice Bejarano ("Venice") is a citizen and resident of Mexico.

**Defendants**

7.     Defendant New River Investments Inc. ("NRI") is a Nevada corporation, with a principal office in Los Angeles, California.  At all relevant times, NRI was engaged in the federal and state securities violations alleged within this district.

8.     Defendant Roditi and Roditi, LLC ("R&R") is a Florida limited liability company, with a principal office in Los Angeles, California.  At all relevant times, R&R was engaged in the federal and state securities violations alleged within this district.

5000-1231

2

COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
CASE NO.

9.     Defendant Alberto Roditi ("Alberto") resides in Vail, Colorado and is engaged in business in Los Angeles, California.

10.    Defendant Guillermo Roditi Dominguez ("Guillermo") resides in Los Angeles, California and is engaged in business in this district.

## MATERIAL ALLEGATIONS

11.    Defendant R&R is an Investment Management company.  On information and belief, R&R has two Managing Directors:  Alberto and Guillermo. R&R's corporate status is currently suspended for failure to file the requisite Statement of Information with the California Secretary of State.

12.    Defendant NRI is a Registered Investment Adviser, and is affiliated with R&R.  On information and belief, Guillermo is the CEO of NRI.

13.    Beginning in April 2000, when NRI was started, Plaintiffs entrusted Defendants with substantial sums of money to invest in various investment vehicles.  At all relevant times, Plaintiffs believed that their investments would be managed suitably, and with an appropriate level of risk based on Plaintiffs' financial needs.

14.    On information and belief, Plaintiffs maintained three investment accounts with Defendants through NRI and its private fund, the New River Investment Special Opportunity Fund ("SOF").

15.    The SOF is a hedge fund engaged in high-level speculative trading, including short positions and margin trading.  Plaintiffs' investments were managed by Defendants, via NRI and the SOF, using two custodians: two accounts at TD Ameritrade, and one account at Interactive Brokers.

16.    The damages alleged herein relate primarily to the Interactive Brokers account, in which Plaintiffs induced Defendants to invest substantial sums of money.

///

///

5000-1231
COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
CASE NO.

17.     Plaintiffs increased their investment by depositing funds with Defendants during the course of the years.  As of March 2019, the Net Asset Value ("NAV") of Plaintiffs' investment was approximately $2.5 million.

18.     This amount included nearly $1.75 million in the Interactive Brokers account, and approximately $740,000 in a mortgage-backed securities fund with TD Ameritrade.

19.     Neither the individual nor the entity defendants advised Plaintiffs regarding the substantial risk associated with this level of speculative investment.

20.     As of January 1, 2020, Plaintiffs' NAV had decreased substantially but was still approximately $1.07 million.

21.     By April 3, 2020, only three months later, nearly the entirety of Plaintiffs' investment in the Interactive Brokers account—$1.1 million—had been lost.  Specifically, as of April 3, 2020, Plaintiffs' investment in the Interactive Brokers account was merely $16,444.93.  The Interactive Brokers account had a balance of $530,000.

22.     These substantial losses occurred despite the fact that Plaintiffs' had repeatedly expressed concern to Alberto regarding the performance of the investments, specifically, the monies invested in the Interactive Brokers account.

23.     After the string of losses in 2019 that resulted in Plaintiffs' investment becoming substantially depleted, Plaintiffs discussed their concerns with Alberto. Plaintiffs specifically raised the issue of the suitability of such risky investments.

24.     Following the string of losses in 2019, Plaintiffs pleaded with Alberto to take a more conservative approach, and to maintain Plaintiffs' investment.

25.     Plaintiffs advised Alberto that they needed the investments to maintain value, so that they could fund a significant loan that was scheduled to come due in July 2020.  The loan was necessary to prevent foreclosure on a piece of property that Plaintiffs owned in Mexico.  Both Alberto and Guillermo knew about

///

COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
CASE NO.

1    Plaintiffs' loan, and their need to pay off a significant loan in July 2020 using these

2    investments.

3         26.    Rather than heeding Plaintiffs' warnings, Alberto continued to engage

4    in speculative and risky trading.  As a result, Plaintiffs lost nearly everything they

5    had invested.  Remarkably, Defendants managed to lose nearly $1.8 million in the

6    Interactive Brokers account, including a loss of $1.1 million in only three months.

7         27.    In early 2020, Manuel asked Alberto that certain monies be withdrawn

8    from the Fund.  At that time, Alberto disclosed that the account was fully margined

9    and that nothing could be moved.

10        28.    Subsequently, the fully margined account went into arrears and all

11   shares were sold by Interactive Brokers.

12        29.    Plaintiffs are informed and believe that the securities invested in via

13   NRI were not registered with either the SEC or California's securities authorities or

14   the securities authorities for any jurisdiction.

15        30.    The individual and entity defendants used the instrumentalities of

16   interstate commerce in connection with the sale and purchase of unregistered

17   securities.

18        31.    In connection with the purchase and sale of those unregistered

19   securities, Plaintiffs are informed and believe that Defendants made material

20   misrepresentations and failed to disclose material facts regarding the risk level of

21   the investments, and Plaintiffs' suitability for such investments, disclosure of such

22   risk which was necessary.

23        32.    Plaintiffs are informed and believe that the individual and entity

24   defendants knew those material misrepresentations and omissions were false and

25   misleading when they made them, or failed to make them, and knew that Plaintiffs

26   did not realize the risky and highly speculative nature of the investments.

27   ///

28   ///

5000-1231

5

COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
CASE NO.

## THE SAFE HARBOR PROVISION FOR FORWARD-LOOKING STATEMENTS IS INAPPLICABLE

33.     The statutory safe harbor for forward-looking statements does not apply in this instance.  The representations made by the individual and entity defendants with respect to the risk of the investments were not forward-looking statements when they were made or offered to Plaintiffs.  To the extent that any such statements were forward-looking statements, there was no "cautionary statement" identifying important factors that could cause actual results to differ materially from those in the forward-looking statement.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 10(b)

### OF THE EXCHANGE ACT AND RULE 10b-5

34.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 33, above.

35.     At all relevant times, the individual and entity defendants: (a) made material misrepresentations regarding the risk of the investments and/or failed to disclose the risk of the investments; (b) knew that the investments were risky and highly speculative when the statements and/or omissions were made; (c) engaged in the aforementioned acts in connection with the purchase or sale of unregistered securities; (d) Plaintiffs relied on these material misrepresentations and/or omissions; (e) Plaintiffs' reliance led to the loss of substantial sums of the initial investment; (f) Defendants' actions caused Plaintiffs' reliance, in violation of Section 10(b) of the Exchange Act and Rule 10b-5.

36.     Plaintiffs sue each Defendant either as a primary participant in the wrongful and illegal conduct charges or as a controlling person.

37.     The individual and entity defendants, individually and together, either directly or directly, through the instrumentalities of interstate commerce, engaged

///

5000-1231

COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
CASE NO.

1  in a continuous course of misrepresentations about the riskiness and speculative

2  nature of the investments, which were unregistered securities.

3      38.   At the time of these misrepresentations and key omissions, Plaintiffs

4  were ignorant of the riskiness and speculative nature of the investments that

5  Defendants had induced them to purchase.  Had Plaintiffs known about the extreme

6  risk involved, Plaintiffs never would have invested in the unregistered securities.

7      39.   Based on the foregoing, the individual and entity defendants have

8  violated Section 10(b) of the Exchange Act, and Rule 10b-5.

9      40.   As a direct and proximate result of the wrongful conduct, Plaintiffs

10  suffered damaged of at least $2,000,000 the exact amount of which will be proven

11  at trial.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA CORPORATION CODE
## §§ 25401 and 25501

15      41.   Plaintiffs incorporate by reference the allegations in paragraphs 1

16  through 40, above.

17      42.   The securities offered by NRI through the Interactive Brokers account

18  were securities as defined by § 25019 of the California Corporations Code.

19      43.   The individual defendants and the entity defendants are liable to

20  Plaintiffs under section 25401 and section 25501 of the California Corporations

21  Code because each offered and sold securities in California through written and/or

22  oral communications, that included untrue statements of material facts and/or

23  omitted to state material facts necessary in order to make the statements made, in

24  light of the circumstances under which they were made, not misleading.

25      44.   These material misrepresentations and omissions proximately caused

26  damage to Plaintiff in excess of $2,000,000 the exact amount of which will be

27  proven at trial.

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD CLAIM FOR RELIEF

## NEGLIGENT MISREPRESENTATION

45.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 44, above.

46.    The individual and entity defendants made representations to Plaintiffs regarding material facts, including the risk and suitability of certain investments.

47.    Plaintiffs are informed and believe that the representations made regarding the risk and suitability of such investments for Plaintiffs were false.

48.    Plaintiffs are informed and believe that the representations were made by the individual and entity defendants regarding the risk and suitability of such investments without reasonable grounds for believing them to be true.

49.    Plaintiffs were unaware of the falsity of the misrepresentations and/or omissions and acted in reliance on the truth of the representations and were justified in relying on those representations.

50.    As a result of Plaintiffs' reliance on those representations, Plaintiffs have sustained and continue to sustain damages according to proof at trial.  Further, the significant loss of investment funds may lead to Plaintiffs losing their real property investment in Mexico, for which a loan was scheduled to come due in July 2020, and which the individual and entity defendants knew was coming due.

51.    In engaging in the alleged conduct, the individual and entity defendants made representations and statements of material facts and omitted to state material facts regarding the risk and suitability of the investments, which were necessary to inform Plaintiffs of all material facts required to make an informed decisions regarding the purchase of the unregistered securities.

52.    As a direct and proximate result of the misrepresentations and omissions alleged, Plaintiffs have suffered money damages in excess of $2,000,000, the exact amount of which will be proven at trial.

///

5000-1231

**FOURTH CLAIM FOR RELIEF**

**BREACH OF FIDUCIARY DUTY**

53.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 52, above.

54.     The individual and entity defendants, as financial advisors, had a fiduciary duty to act in the upmost good faith for the benefit of Plaintiffs. Specifically, the individual and entity defendants were required to adequately advise Plaintiffs regarding the risks of their investments.

55.     The individual and entity defendants breached this fiduciary duty includes, but is not limited to the failure to: (a) adequately advise Plaintiffs regarding the risks inherent in such speculative investments; (b) heed Plaintiffs' concerns and directions when Plaintiffs expressed concerns about the status of their investment; (c) obtain appropriate consent from Plaintiffs given the risk of the investment; and (d) protect Plaintiffs' financial interests.  The actions of the individual and entity defendants were reckless, risky, and unwarranted, especially when considering Plaintiffs' needs and financial standing.  The management of Plaintiffs' accounts fell below the standard of care.

56.     The management of Plaintiffs' account, which fell below the standard of care, caused a significant loss to Plaintiffs' investment.

**WHEREFORE, PLAINTIFFS' PRAY AS FOLLOWS:**

1.     For compensatory damages in an amount to be proven at trial, but no less than $2,000,000;

2.     For restitution in an amount to be proven at trial, but no less than $2,000,000;

3.     For reasonable attorneys' fees and costs; and

///

///

///

5000-1231

COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
CASE NO.

4.     All other relief deemed appropriate by the Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated:  September 23, 2020     By:     s/Douglas A. Pettit
                                       Douglas A. Pettit, Esq.
                                       Miguel Leff, Esq.
                                       Alexander P. Cohen, Esq.
                                       Attorneys for Plaintiffs
                                       **MANUEL RODITI and VENICE
                                       BEJARANO**
                                       dpettit@pettitkohn.com
                                       miguel@lefflawoffices.com
                                       acohen@pettitkohn.com

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues triable by a jury.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated:  September 23, 2020     By:     s/Douglas A. Pettit
                                       Douglas A. Pettit, Esq.
                                       Miguel Leff, Esq.
                                       Alexander P. Cohen, Esq.
                                       Attorneys for Plaintiff
                                       **MANUEL RODITI and VENICE
                                       BEJARANO**
                                       dpettit@pettitkohn.com
                                       miguel@lefflawoffices.com
                                       acohen@pettitkohn.com

5000-1231

10

COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITIES LAWS
CASE NO.