**FREEMAN MATHIS & GARY LLC**
KIRSTEN PATZER / MA Bar No. 668564
60 State Street, Suite 600
Boston, MA 02109
Telephone: 617.963.5983
Email: kpatzer@fmglaw.com

CHAD WEAVER / CA Bar No. 191984
3030 Old Ranch Parkway, Suite 280
Seal Beach, CA 90740
Telephone: 562.583.2126
Email: cweaver@fmglaw.com

Attorneys for Defendants
NEW RIVER INVESTMENTS, INC., RODITI &
RODITI, LLC, ALBERTO RODITI, and
GUILLERMO RODITI DOMINGUEZ

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manuel Roditi and Venice Berjano<br><br>Plaintiffs,<br><br>v.<br><br>New River Investments, Inc, Roditi & Roditi, LLC, Alberto Roditi, and Guillermo Roditi Dominguez<br><br>Defendants. | Case No.  3:20-cv-01908-BEN-MSB<br><br>**DEFENDANTS' ANSWER** |

Defendants New River Investments, Inc., Roditi & Roditi, LLC, Alberto Roditi, and Guillermo Roditi Dominguez (collectively "Defendants") respectfully answer the Complaint filed by Manuel Roditi and Venice Berjano (collectively "Plaintiffs"), and admit, deny, and allege as follows:

//
//

## JURISDICTION AND VENUE

1. To the extent that Paragraph 1 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1332. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. To the extent that Paragraph 2 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and § 27 Securities Exchange Act of 1934 ("Exchange Act"). Defendants further admit that Plaintiffs purport to bring their claims pursuant to section 10(b) of the Exchange Act, and the rules and regulations promulgated thereunder, including SEC Rule 10b-5.

3. To the extent that Paragraph 3 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1367(a). Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to § 27 of the Exchange Act and 28 U.S.C. § 1391(b). Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5. Defendants have insufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore deny them.

6. Defendants have insufficient information to admit or deny the allegations in

Paragraph 6 of the Complaint and therefore deny them.

7. Defendants admit that New River Investments, Inc. ("NRI") is a registered corporation with the state of Nevada and maintains their principal office in Los Angeles, California. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. Defendants admit that Roditi & Roditi, LLC ("R&R") is a registered corporation with the state of Florida and maintains their principal office in Los Angeles, California. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 8.

9. To the extent the allegations in Paragraph 9 relate to Defendant Alberto Roditi ("Alberto), he denies that he resides in Vail, Colorado. Alberto admits that he resides in Ft. Lauderdale, Florida and he is engaged in business in Los Angeles, California.

10. To the extent the allegations in Paragraph 10 relate to Defendant Guillermo Roditi Dominguez ("Guillermo"), he admits that he resides and conducts business in Los Angeles, California.

## MATERIAL ALLEGATIONS

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants deny that Plaintiffs began investing with NRI in April 2000. Defendants admit that Plaintiffs began their investment relationship with NRI in April 2011. To the extent that Paragraph 13 purports to allege what Plaintiffs "believed," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit that Plaintiffs maintained three investment accounts

through NRI. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit that NRI managed two accounts for Plaintiffs custodied at TD Ameritrade and Interactive Brokers. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 15.

16. Defendants lack knowledge or information sufficient to admit or deny the allegations of damages in Paragraph 16 of the Complaint and therefore deny them. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and therefore deny them.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and therefore deny them.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. To the extent that Paragraph 28 sets forth allegations concerning other financial institutions and/or businesses, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny each and every such allegation.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

## SAFE HARBOR PROVISION

33. To the extent that Paragraph 33 contains a legal conclusion or legal conclusions, Defendants need not respond. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 33.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 10(B) PF THE EXCHANGE ACT AND RULE 10B-5

34. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 33 as though fully set forth herein.

35. The factual allegations and legal conclusions contained in Paragraph 35 of the Complaint are denied

36. To the extent that Paragraph 36 contains a legal conclusion or legal conclusions, Defendants need not respond. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. The factual allegations and legal conclusions contained in Paragraph 38 of the Complaint are denied.

39. The factual allegations and legal conclusions contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 are denied.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA CORPORATION CODE §§ 25401 AND 25501

41. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 40 as though fully set forth herein.

42. Paragraph 42 contains solely legal conclusions to which a response is not

5
ANSWER　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:20-cv-01908-BEN-MSB

1. required.
2. 43. The factual allegations and legal conclusions contained in Paragraph 43 of the Complaint are denied.
3. 44. The allegations contained in Paragraph 44 of the Complaint are denied.

### THIRD CLAIM FOR RELIEF

### NEGLIGENT MISREPRESENTATION

45. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 44 as though fully set forth herein.
46. The allegations contained in Paragraph 46 of the Complaint are denied.
47. The allegations contained in Paragraph 47 of the Complaint are denied.
48. The allegations contained in Paragraph 48 of the Complaint are denied.
49. The allegations contained in Paragraph 49 of the Complaint are denied.
50. The allegations contained in Paragraph 50 of the Complaint are denied.
51. The allegations contained in Paragraph 51 of the Complaint are denied.
52. The allegations contained in Paragraph 52 of the Complaint are denied.

### FOURTH CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTY

53. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 52 as though fully set forth herein.
54. The factual allegations and legal conclusions contained in Paragraph 54 of the Complaint are denied.
55. The factual allegations and legal conclusions contained in Paragraph 55 of the Complaint are denied.
56. The factual allegations and legal conclusions contained in Paragraph 56 of the Complaint are denied.

//

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of actions are barred in whole or in part by the applicable statutes of limitations or repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, and to the extent that Plaintiffs may be entitled to such damages, which Defendants specifically deny, they are barred from any recovery therefrom.

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, allegedly suffered by Plaintiffs were proximately caused, or were the consequence of the conduct, actions, omissions, negligence or intentional acts of the Plaintiffs and/or parties other than Defendants.

### FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted in good faith and at no time acted intentionally, fraudulently, negligently, or recklessly with respect to any matter alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' losses, if any, were caused by market, economic, or other forces, and not from any act or omission of Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they failed to plead fraud or its predicate acts with sufficient particularity under the Private Securities Litigation Reform Act and Rule 9 of the Federal Rules of Civil Procedure.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were the proximate result of their own conduct and decisions, and Plaintiffs engaged in such conduct and made decisions knowing full

well the risks involved, so as to have assumed any such risks and the likely consequences of such risks.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs ratified all actions and/or omissions of which Plaintiffs now complain.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs directed, approved, and/or authorized each and every transaction in their account and/or ratified, accepted, acquiesced, and confirmed in all respects such transactions. Consequently, their claims are barred by the equitable doctrines of estoppel, laches, ratification, and waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking or obtaining any relief from Defendant by the equitable doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant fully performed any and all contractual, statutory, and other duties that may have been owed to Plaintiffs under applicable law, except for those obligations the performance of which were excused by the conduct or omissions of Plaintiffs, including but not limited to Plaintiffs' breaches and/or failure to perform their obligations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants herby reserve their right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of such defenses not presently known to them.

//
//
//
//
//

# PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

1. That the Complaint be dismissed against Defendants with prejudice;
2. That Plaintiff takes nothing by its action, and that Judgment be entered in favor of Defendants; and
3. That Defendants be awarded any and all further relief, in law or equity, to which they are entitled.

Dated: December 28, 2020           **FREEMAN MATHIS & GARY, LLP**

By:    /s Chad Weaver\_
Chad Weaver
Kirsten Patzer**
*Attorneys for Defendants*

** *Pro Hac Vice* Admission Pending

**PROOF OF SERVICE**

I am over 18 years of age and not a party to this action.

I am employed in Orange County, California, in the office of an active member of the State Bar of California. My business address is 3030 Old Ranch Parkway, Suite 280, Seal Beach, California 90740.

On December 28, 2020, I served a copy of the document entitled:

**DEFENDANTS' ANSWER**

in the manners described below:

☒ **By NEXGEN Portal:** I caused the above-referenced document(s) to filed and served through the NEXGEN Portal, and for delivery to the addressee(s) listed on the service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 28, 2020, at Seal Beach, California

_____
Mariana Sanders

1

# SERVICE LIST

*Manuel Roditi and Venice Berjano v. New River Investments, Inc, Roditi & Roditi, LLC, Alberto Roditi, and Guillermo Roditi Dominguez*

Case No. 3:20-cv-01908-BEN-MSB

| | |
|---|---|
| Douglas A. Pettit<br>Alexander P. Cohen<br>Petit Kohn Ingrassia Lutz & Dolin PC<br>11622 El Camino Real, Suite 300<br>San Diego, California 92130 | ***Attorney for Plaintiffs Manuel Roditi and Venice Berjano***<br>Email: dpettit@pettitkohn.com<br>acohen@pettitkohn.com |
| Miguel Leff<br>Law Office of Miguel Leff<br>875 Prospect St, Suite 206<br>La Jolla, California 92037 | ***Attorney for Plaintiffs Manuel Roditi and Venice Berjano***<br>Email: miguel@lefflawoffice.com |

2