KIRSTEN PATZER (admitted pro hac vice)
**FREEMAN MATHIS & GARY LLC**
60 State Street, Suite 600
Boston, MA 02109
Telephone: 617.963.5983
Email: kpatzer@fmglaw.com

MANDY D. HEXOM (SBN 216390)
**FREEMAN MATHIS & GARY LLC**
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone: 619.687.3000
Email: mhexom@fmglaw.com

Attorneys for Defendants
NEW RIVER INVESTMENTS, INC., RODITI & RODITI, LLC, ALBERTO RODITI, and GUILLERMO RODITI DOMINGUEZ

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manuel Roditi and Venice Bejarano,<br><br>Plaintiffs,<br><br>v.<br><br>New River Investments, Inc, Roditi & Roditi, LLC, Alberto Roditi, and Guillermo Roditi Dominguez<br><br>Defendants. | Case No. 3:20-cv-01908-BEN-MSB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[DEMAND FOR JURY TRIAL]<br><br>Courtroom: 5A<br>District Judge: Hon. Roger T. Benitez<br>Magistrate Judge: Hon. Michael S. Berg<br>Complaint Filed: September 23, 2020<br>Trial Date: [Not Set] |

Defendants New River Investments, Inc., Roditi & Roditi, LLC, Alberto Roditi, and Guillermo Roditi Dominguez (collectively "Defendants") respectfully answer the First Amended Complaint filed by Manuel Roditi and Venice Berjano (collectively "Plaintiffs"), and admit, deny, and allege as follows:

### JURISDICTION AND VENUE

1. To the extent that Paragraph 1 contains a legal conclusion or legal conclusions,

Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1332. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 1 of the Amended Complaint.

2. To the extent that Paragraph 2 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and § 27 Securities Exchange Act of 1934 ("Exchange Act"). Defendants further admit that Plaintiffs purport to bring their claims pursuant to sections 20(a) and 10(b) of the Exchange Act, and the rules and regulations promulgated thereunder, including SEC Rule 10b-5.

3. To the extent that Paragraph 3 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1367(a). Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 3 of the Amended Complaint.

4. To the extent that Paragraph 4 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to § 27 of the Exchange Act and 28 U.S.C. § 1391(b). Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 4 of the Amended Complaint.

## THE PARTIES

5. Defendants have insufficient information to admit or deny the allegations in Paragraph 5 of the Amended Complaint and therefore deny them.

6. Defendants have insufficient information to admit or deny the allegations in Paragraph 6 of the Amended Complaint and therefore deny them.

7. Defendants admit that New River Investments, Inc. ("NRI") is a registered corporation with the state of Nevada and maintains their principal office in Los

Freeman Mathis
& Gary, LLP
Attorneys at Law

Angeles, California. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 7 of the Amended Complaint.

8. Defendants admit that Roditi & Roditi, LLC ("R&R") is a registered corporation with the state of Florida and maintains their principal office in Los Angeles, California. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 8 of the Amended Complaint.

9. To the extent the allegations in Paragraph 9 relate to Defendant Alberto Roditi ("Alberto"), admits that he resides in Ft. Lauderdale, Florida and he is engaged in business in Los Angeles, California.

10. To the extent the allegations in Paragraph 10 relate to Defendant Guillermo Roditi Dominguez ("Guillermo"), he admits that he resides and conducts business in Los Angeles, California.

11. Defendants have insufficient information to admit or deny the allegations in Paragraph 11 of the Amended Complaint and therefore deny them.

## **MATERIAL ALLEGATIONS**

12. Defendants deny the allegations in Paragraph 12 of the Amended Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

14. Defendants deny that Plaintiffs began investing with them in April 2000. Defendants admit that Plaintiffs began their relationship with NRI in April 2011. To the extent that Paragraph 14 purports to allege what Plaintiffs "believed," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit that Plaintiffs maintained three investment accounts through NRI.

16. Defendants admit that NRI was the registered investment advisor on Plaintiffs two accounts custodied at TD Ameritrade and one account custodied at

Freeman Mathis & Gary, LLP
Attorneys at Law

Interactive Brokers. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 16.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations of damages in Paragraph 17 of the Amended Complaint and therefore deny them. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Amended Complaint and therefore deny them.

19. Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Amended Complaint and therefore deny them.

22. Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Amended Complaint.

33. To the extent that Paragraph 33 sets forth allegations concerning other financial institutions and/or businesses, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny each and every such allegation.

34. Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

## SAFE HARBOR PROVISION

38. To the extent that Paragraph 38 contains a legal conclusion or legal conclusions, Defendants need not respond. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 38.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 10(B) PF THE EXCHANGE ACT AND RULE 10B-5

### (AGAINST ALL DEFENDANTS)

39. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 38 as though fully set forth herein.

40. The factual allegations and legal conclusions contained in Paragraph 40 of the Amended Complaint are denied

41. To the extent that Paragraph 41 contains a legal conclusion or legal conclusions, Defendants need not respond. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43. The factual allegations and legal conclusions contained in Paragraph 43 of the Amended Complaint are denied.

44. The factual allegations and legal conclusions contained in Paragraph 44 of the Amended Complaint are denied.

45. The allegations contained in Paragraph 45 of the Amended Complaint are denied.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT

### (AGAINST THE CONTROL PERSON DEFENDANTS)

46. Defendants repeat and incorporate by reference its answers to Paragraphs 1

through 25 as though fully set forth herein.

47. The factual allegations and legal conclusions contained in Paragraph 47 of the Amended Complaint are denied.

48. The factual allegations and legal conclusions contained in Paragraph 48 of the Amended Complaint are denied.

49. The allegations contained in Paragraph 49 of the Amended Complaint are denied.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA CORPORATION CODE §§ 25401 AND 25501

50. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 49 as though fully set forth herein.

51. Paragraph 51 contains solely legal conclusions to which a response is not required.

52. The factual allegations and legal conclusions contained in Paragraph 52 of the Amended Complaint are denied.

53. The allegations contained in Paragraph 53 of the Amended Complaint are denied.

### FOURTH CLAIM FOR RELIEF

### NEGLIGENT MISREPRESENTATION

### (AGAINST ALL DEFENDANTS)

54. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 53 as though fully set forth herein.

55. The allegations contained in Paragraph 55 of the Amended Complaint are denied.

56. The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57. The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58. The allegations contained in Paragraph 58 of the Amended Complaint are denied.

59. The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60. The allegations contained in Paragraph 60 of the Amended Complaint are denied.

61. The allegations contained in Paragraph 61 of the Amended Complaint are denied.

## FIFTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY
## (AGAINST ALL DEFENDANTS)

62. Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 61 as though fully set forth herein.

63. The factual allegations and legal conclusions contained in Paragraph 63 of the Amended Complaint are denied.

64. The factual allegations and legal conclusions contained in Paragraph 64 of the Amended Complaint are denied.

65. The factual allegations and legal conclusions contained in Paragraph 65 of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of actions are barred in whole or in part by the applicable statutes of limitations or repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, and to the extent that Plaintiffs may be entitled to such damages, which Defendants specifically deny, they are barred from

any recovery therefrom.

## FOURTH AFFIRMATIVE DEFENSE

The damages, if any, allegedly suffered by Plaintiffs were proximately caused, or were the consequence of the conduct, actions, omissions, negligence or intentional acts of the Plaintiffs and/or parties other than Defendants.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted in good faith and at no time acted intentionally, fraudulently, negligently, or recklessly with respect to any matter alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' losses, if any, were caused by market, economic, or other forces, and not from any act or omission of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they failed to plead fraud or its predicate acts with sufficient particularity under the Private Securities Litigation Reform Act and Rule 9 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were the proximate result of their own conduct and decisions, and Plaintiffs engaged in such conduct and made decisions knowing full well the risks involved, so as to have assumed any such risks and the likely consequences of such risks.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs ratified all actions and/or omissions of which Plaintiffs now complain.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs directed, approved, and/or authorized each and every transaction in their account and/or ratified, accepted, acquiesced, and confirmed in all respects such transactions. Consequently, their claims are barred by the equitable doctrines of estoppel, laches, ratification, and waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from seeking or obtaining any relief from Defendant by the equitable doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Defendant fully performed any and all contractual, statutory, and other duties that may have been owed to Plaintiffs under applicable law, except for those obligations the performance of which were excused by the conduct or omissions of Plaintiffs, including but not limited to Plaintiffs' breaches and/or failure to perform their obligations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants herby reserve their right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of such defenses not presently known to them.

**PRAYER FOR RELIEF**

Wherefore, Defendants pray as follows:

1. That the Amended Complaint be dismissed against Defendants with prejudice;
2. That Plaintiff takes nothing by its action, and that Judgment be entered in favor of Defendants; and
3. That Defendants be awarded any and all further relief, in law or equity, to which they are entitled.

Respectfully submitted,

Dated: June 16, 2021    FREEMAN MATHIS & GARY, LLP

By: s/*Mandy D. Hexom*
Email: mhexom@fmglaw.com
KIRSTEN PATZER (*admitted pro hac vice*)
Email: kpatzer@fmglaw.com
Attorneys for Defendants
NEW RIVER INVESTMENTS, INC., RODITI &RODITI, LLC, ALBERTO RODITI, and GUILLERMO RODITI DOMINGUEZ

**FILER'S ECF ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated: June 16, 2021          By:    s/Mandy D. Hexom
                                     Attorney for Defendants
                                     Email: mhexom@fmglaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 16, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on June 16, 2021, at San Diego, California.

By: s/Mandy D. Hexom
Attorney for Defendants
Email: mhexom@fmglaw.com

Freeman Mathis
& Gary, LLP
Attorneys at Law

-11-
ANSWER TO AMENDED COMPLAINT
CASE NO. 3:20-cv-01908-BEN-MSB