UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODITI, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>NEW RIVER INVESTMENTS INC., et al.<br><br>                              Defendants. | Case No.:  20cv1908-GPC (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE MOTION TO CONTINUE PRETRIAL MOTION DEADLINE**<br>**[ECF NO. 46]** |

On March 15, 2022, Defendants filed their "Ex Parte Motion to Continue Pre-Trial Motion Deadline in the Court's Scheduling Order."  (ECF No. 46.)  In the motion, Defendants ask the Court to continue the pretrial motion deadline from March 25, 2022, to April 15, 2022.  (Id. at 1.)  Plaintiffs opposed the motion on March 16, 2022.  (ECF No. 48.)  For the reasons set forth below, the Court **GRANTS** the motion **in part** and **DENIES** it **in part**.

In support of Defendants' motion to continue only the pretrial motion deadline, Defendants' counsel explains that the parties have only recently completed the parties' depositions on March 1, 2022, "due to illness by Kristen Patzer in late February and the previous depositions were delayed due to depositions taking longer than anticipated by

all counsel having to reschedule some of the depositions to be completed." (ECF No. 46-2 at 1.)  The parties are still waiting for the expedited deposition transcript of Plaintiff Venice Bejarano, which defense counsel asserts is critical for the motion for summary judgment. (Id.)  She also states that the parties were not able to complete the depositions of Plaintiffs' experts until March 16, 2022, and the parties will not be able to obtain expedited transcripts of the same until March 31, 2022.  (Id. at 2.)  Defendants' counsel further claims there are "clear grounds, based on the testimony of both Plaintiffs, to file a motion for summary judgment or adjudication and Defendants would like the opportunity file a dispositive motion or any other pre-trial motion that may become necessary based on the deposition testimony of the experts on March 16, 2022." (Id.)  Additionally, Defendants explain that both defense counsel have competing commitments, including another summary judgment deadline on March 28, 2022, and a five-day arbitration beginning April 4, 2022, respectively. (Id. at 2-3.)

In a second line of argument, defense counsel notes that Plaintiffs expressed a need to reschedule the April 11, 2022 Mandatory Settlement Conference ("MSC") to another time, and the parties are all available on March 24, 2022.  (Id. at 2-3.)  Defense counsel states that the move would allow Defendants to "concentrate on having meaningful settlement discussions prior to having to expend efforts and resources to prepare and file a dispositive motion or other necessary pre-trial motions." (Id. at 3.)

Finally, Defendants claim that moving the pretrial motions deadline will not affect other deadlines in the scheduling order or will affect them only minimally. (Id.)

On the other hand, Plaintiffs oppose moving the pretrial motion deadline. (See ECF No. 48.)  They argue that Defendants were not diligent in scheduling depositions and obtaining the evidence necessary over the last eighteen months in advance of their pretrial motion deadline, particularly considering their commitments in other cases. (See id. at 2-3.)  Instead, Plaintiffs claim that Defendants were slow to schedule the parties' depositions, then proposed extending the expert disclosure deadline to permit experts to review the deposition transcripts.  (See id. at 5.)  Defendants' present need

for additional time, Plaintiffs argue, is a "product of Defendants' strategy in conducting discovery." (Id. at 3.) Finally, Plaintiffs note that Defendants have not identified the basis for their dispositive motions, and Plaintiffs are opposed to any further delay. (Id.)

Generally, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "If that party was not diligent, the inquiry should end." Id. As Plaintiffs note, this Court granted an earlier joint motion to amend the scheduling order despite finding a "lack of diligence and adherence to this Court's scheduling orders to date," warning the parties that they "should not anticipate any further continuances of the dates in this case, barring extraordinary circumstances." (ECF No. 34 at 2.)

The Court is persuaded by Plaintiffs' argument Defendants' scheduling conflicts and need for deposition transcripts are the result of poor planning rather than diligence in the face of extraordinary circumstances. Based on the evidence before the Court, Defendants submit no compelling reason why the parties' depositions were not taken much sooner than they were, particularly if Defendants anticipated filing a dispositive motion. Defense counsel's illness in late February, (see ECF No. 46-1 at 1), does not excuse the parties' decision to wait until after the February 4, 2022 fact discovery deadline, (see ECF No. 38), to take depositions. One would expect that after the Court gave the parties three additional months on November 4, 2021, (see ECF No. 38), Defendants who wished to file dispositive motions would have acted quickly to put the necessary evidence in place. Instead, the Court notes the parties took depositions of fact witnesses after the continued fact discovery cut-off and changed the expert

discovery deadlines without leave of court.[1]  It was completely predictable that these changes would make it practically impossible for Defendants to have the deposition transcripts they now claim to need in time for their pretrial motion cut-off.

The Court then considers whether the rescheduling of the MSC date, which was precipitated by Plaintiffs' request, and resulted in advancing the MSC to the day before the current pretrial motion deadline, justifies extending the pretrial motions deadline to permit Defendants to focus their efforts on preparing for a productive settlement conference in this case.  The Court finds that this change warrants a one-week continuance of the pretrial motion filing deadline.  Therefore, the Court **GRANTS** Defendants' motion **in part** and **CONTINUES** the pretrial motion filing deadline by one week to **April 1, 2022**.

**IT IS SO ORDERED**.

Dated:  March 18, 2022

Honorable Michael S. Berg
United States Magistrate Judge

---

[1] (Compare ECF No. 46-1 at 1 (explaining depositions of the parties were completed on March 2) with ECF No. 38 (granting the parties' joint motion to continue the fact discovery deadline from November 8, 2021 to February 4, 2022, based in part on the representation that the parties would be able to comply with the amended scheduling order); compare ECF No. 34 at 3 (setting expert disclosure deadline of February 4, 2022 and supplemental disclosure deadline of February 18, 2022) with ECF No. 48 at 5 ("Defendants suggested during the parties' depositions an extension of the expert disclosure reports (from February 4, 2022 and February 18, 2022, to February 18, 2022 and March 4, 2022), to incorporate the deposition testimony into expert reports.").)