**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL RODITI, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>NEW RIVER INVESTMENTS INC., et al.,<br><br>                              Defendants. | Case No.: 3:20-cv-01908-RBM-MSB<br><br>**ORDER:**<br><br>**(1) DISMISSING RODITI & RODITI, LLC**<br><br>**(2) GRANTING IN PART, DENYING IN PART, AND RESERVING RULING ON DEFENDANTS NEW RIVER INVESTMENTS, INC., RODITI & RODITI, LLC, ALBERTO RODITI, AND GUILLERMO RODITI DOMINGUEZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(3) REQUIRING SUPPLEMENTAL BRIEFING**<br><br>**[Doc. 52]** |

On May 4, 2022, Defendants New River Investments, Inc., Roditi & Roditi, LLC, Alberto Roditi, and Guillermo Roditi ("Defendants") filed a motion for partial summary judgment ("partial MSJ"). (Doc. 52.) Plaintiffs Manuel Roditi and Venice Bejarano

1

("Plaintiffs") filed their opposition to Defendants' partial MSJ on May 6, 2022. (Doc. 58.) Defendants filed their reply on May 27, 2022. (Doc. 64.) The Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). (Doc. 65.)

For the reasons discussed below, Roditi & Roditi, LLC is **DISMISSED** from the action, and Defendants' partial MSJ is **GRANTED IN PART** and **DENIED IN PART**. The Court **RESERVES RULING** on Defendants' partial MSJ requesting dismissal of the first and second claims for violation of section 10(b), rule 10b–5, and section 20(a) of the Securities Exchange Act and **ORDERS** supplemental briefing as to these claims as set forth in detail below.

## I. BACKGROUND

Defendant Roditi & Roditi, LLC ("R&R") is an investment management company. (Doc. 29 at 3.) Alberto Roditi and Guillermo Roditi are the managing directors of R&R. (*Id.*) Defendant New River Investments, Inc. ("NRI") is a registered investment advisor and is affiliated with R&R. (*Id.*)

Plaintiffs allege that in or around April 2011, Plaintiffs engaged in an investment relationship and maintained three investment accounts with Defendants through NRI. (*Id.*) "Plaintiffs' investments were managed by Defendants via NRI using two custodians: two accounts at TD Ameritrade, and one account at Interactive Brokers." (*Id.* at 4.) Over the years, Plaintiffs increased their investment by depositing additional funds with Defendants, and as of March 2019 the net asset value of Plaintiffs' investment was approximately $2.5 million. (*Id.*)

Plaintiffs state they "believed that their investments would be managed suitably, and with an appropriate level of risk based on Plaintiffs' financial needs." (*Id.* at 3.) They allege that at some point during the investment relationship, Defendants began engaging in "risky and reckless investment strategies." (*Id.* at 5.) Plaintiffs allegedly requested that Defendants take a more conservative approach, but Defendants continued to exercise risky trading practices. (*Id.* at 5–6.) By April 3, 2020, "nearly the entirety of Plaintiffs' Investment Brokers account—$1.1 million—had been lost" and "Plaintiffs' investment in

the Interactive Brokers account was merely $16,444.93. The TD Ameritrade account had a balance of $530,000." (*Id.* at 4.)

On September 23, 2020, Plaintiffs filed the present action against Defendants. (Doc. 1.) Defendants filed an answer on December 28, 2020. (Doc. 11.) Plaintiffs filed a first amended complaint on June 1, 2021, and Defendants filed an answer to the first amended complaint on June 16, 2021. (Docs. 29, 30.) Plaintiffs assert five causes of action against Defendants including: (1) violation of the Securities Exchange Act of 1934 ("Exchange Act") section 10(b) and Rule 10b–5, (2) violation of section 20(a) of the Exchange Act, (3) violation of section 25401 of the California Corporation Code, (4) negligent misrepresentation, and (5) breach of fiduciary duty. (*See* Doc. 29.)

On May 4, 2022, Defendants filed the instant partial MSJ. (Doc. 52.) They seek summary judgment on all claims except the fifth cause of action for breach of fiduciary duty.

## II.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

Material facts are those "that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.* "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254. The question is "whether a jury could reasonably find either that the [moving party] proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Id.* (emphasis omitted). "[A]ll justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* at 255.

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id*. at 322–23. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading." *Liberty Lobby*, 477 U.S. at 248. "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted). If the nonmoving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Id*. at 325. The opposing party need not show the issue will be resolved conclusively in its favor. *See Liberty Lobby*, 477 U.S. at 248–49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. *See id*.

### III.   DISCUSSION

As an initial matter, Plaintiffs contend Defendants' partial MSJ should be denied as procedurally improper due to Defendants' failure to include a separate statement of undisputed facts as required by U.S. District Judge Gonzalo P. Curiel's Civil Chambers Rules. (Doc. 58 at 10.) Given that this case was transferred to the undersigned during the pendency of the briefing on this motion, the Court declines to enforce Judge Curiel's Civil Chambers Rules as a basis to deny summary judgment. Accordingly, the Court will consider the merits of Defendants' partial MSJ.

/ / /

### A. Claims against Roditi & Roditi, LLC

Defendants assert that all claims against R&R have no merit and should be dismissed because Plaintiffs have not identified any specific allegation supporting the claims. (Doc. 52–1 at 7.) Defendants allege "R&R had no supervisory or investment advisor role, in any respect, with respect to Plaintiff's [sic] investment funds or accounts at issue in this case." (*Id.*) R&R hired NRI to act as a sub-advisor and investment manager for a separate entity, New River Investments Special Opportunities LP. (*Id.*) However, New River Investments Special Opportunities LP is not a party to this action, and R&R was not involved in "supervising the performance of Plaintiffs' accounting being managed by [NRI]." (*Id.*)

Plaintiffs consent to the dismissal of R&R. (Doc. 58 at 10.) "Plaintiffs initially believed that some of the investment losses at issue were held in an investment vehicle operated by R&R. Subsequent discovery has revealed that Plaintiffs do not appear to have been invested in that investment vehicle." (*Id.*)

It appears R&R was not involved in the events giving rise to this action, and Plaintiffs do not oppose the dismissal of R&R as a defendant. (*Id.*) Accordingly, R&R is hereby **DISMISSED** from the action.

### B. Plaintiffs' First and Second Claims for Violation of Section 10(b), Rule 10b–5, and Section 20(a) of the Exchange Act

Defendants claim they are entitled to partial summary judgment on Plaintiffs' first and second claims for violation of section 10(b), rule 10b–5, and section 20(a) of the Exchange Act (collectively "Exchange Act claims"). (Doc. 52–1 at 8–12.)

Defendants chiefly argue that there is no evidentiary support that Defendants made any material misrepresentation or omission and thus, the Exchange Act claims fail as a matter of law. (*See* Doc. 64 at 2–4.) Defendants' reply brief focuses on Plaintiffs' failure to satisfy the heightened pleading requirements on the element of scienter, which requires "deliberate recklessness or some degree of intention or conscious misconduct." (*Id.* at 2–3 (internal quotations and citations omitted).) Finally, Defendants contend they were

merely investment advisors who facilitated trades of securities, such that they are not a "seller" of securities as required by the Exchange Act. (Doc. 52–1 at 11–12.)

The parties have provided little support as to whether the conduct in this case may be considered in "connection with a purchase or sale of any security," which is an element of the section 10(b) claim. *See* 15 U.S.C.A. § 78j (West); *see also Flaxel v. Johnson*, 541 F. Supp. 2d 1127, 1136 (S.D. Cal. 2008) (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005)). Moreover, neither party has provided any authority which expressly prohibits or permits Exchange Act liability against an investment advisor who facilitates an investment trade. Therefore, the Court reserves its ruling as to the Exchange Act claims and **ORDERS** supplemental briefing as to whether an element of the section 10(b) claim, i.e., "a connection to the purchase or sale of any security," has been satisfied.

### C. Plaintiffs' Third Claim for Violation of California Corporations Code §§ 25401 and 25501

Defendants allege that Plaintiffs' third claim for violation of California Corporations Code sections 25401 and 25501 has no merit and that Defendants are entitled to summary judgment on this claim. (Doc. 52–1 at 12–13.)

California Corporations Code section 25401 states that it is "unlawful for any person to offer or sell a security in this state . . . that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made . . . not misleading." CAL. CORP. CODE § 25401 (West). "Section 25008 delineates the 'in this state' as an offer or sale originating in California or when an offer is accepted in California." (Doc. 52–1 at 12 (citing CAL. CORP. CODE § 25008 (West)). California Corporations Code section 25501 provides that "[a]ny person who violates Section 25401 shall be liable to the person who purchases a security from, or sells a security to, that person . . . ." CAL. CORP. CODE § 25501 (West).

Defendants argue, in part, that section 25401 applies to conduct in California and that there is no evidence the offer or acceptance of an offer occurred in California. (Doc. 52–1 at 12.) Plaintiffs reside in Mexico City, and "[t]he only resident of California is

6

Guillermo Roditi Dominguez[,] and both Plaintiffs admitted in their respective depositions they had limited contact with Guillermo and he did not provide them with any investment advice." (*Id.*)

In their opposition, Plaintiffs present no evidence disputing Defendants' position and state they "consent to the dismissal of the third cause of action for violation of California Corporations Code §§ 25401 and 25501." (Doc. 58 at 10.)

Based on Defendants' assertions and Plaintiffs' consent to dismissal, the Court finds that that there is no genuine dispute as to any material fact with respect to this claim. *See* FED. R. CIV. P. 56(a). Therefore, Defendants' partial MSJ as to Plaintiffs' third cause of action for violation of California Corporations Code sections 25401 and 25501 is **GRANTED**.

### D.   Plaintiffs' Fourth Claim for Negligent Misrepresentation

Defendants allege Plaintiffs' fourth claim for negligent misrepresentation has no merit because Plaintiffs have not identified any specific misrepresentations. (Doc. 52–1 at 14.)

Negligent misrepresentation requires: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007) (citing *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 983 (2003)).

Defendants argue that "Plaintiffs' claims for negligent misrepresentation are based on alleged misrepresentations in connection with the risk and suitability of certain investments related to the investment accounts" and that "[n]one of these necessary facts have been pled in the Complaint or provided in Plaintiffs['] answers to interrogatories or in deposition." (Doc. 52–1 at 14.) It is Defendants' position that whether Defendants had a duty to disclose the trading decisions being made in Plaintiffs' investment accounts is a question of breach of fiduciary duty, rather than one of misrepresentation. (Doc. 52–1 at

14.)

Plaintiffs counter that there is a genuine dispute regarding their negligent misrepresentation claim. (Doc. 58 at 16.) Plaintiffs state that "Defendants' misrepresentations were two-fold: (1) first, inducing Plaintiffs to invest in Defendants' investment vehicles based on misrepresentations about the types of investments in which Plaintiffs' funds would be placed; and (2) after sustaining substantial losses, promising Plaintiffs that they would take a conservative approach." (Doc. 58 at 16–17.)

Plaintiffs originally held an investment account at Oppenheimer, but when Alberto and Guillermo Roditi opened NRI, they "induced Plaintiffs to move their money there." (*Id.* at 17.) Both of Plaintiffs' depositions allege that Alberto Roditi promised plaintiffs he would invest conservatively, keeping Plaintiffs' retirement goals in mind. (*Id.* at 12 (citing Venice Depo., at 11:16–12:5; Manual Depo., Vol. II at 141:9–144:8).) Plaintiffs claim to have relied on this representation, and "Alberto later traded naked call options without Plaintiffs' knowledge, leading to liquidation of the [Interactive Brokers] account." (Doc. 58 at 12.)

After the account sustained significant losses, Plaintiffs contacted Alberto Roditi in January 2020 "to figure out what had happened and why so much money had been lost" and "Alberto 'promised [Plaintiffs] that the money would be invested little by little and without taking any risks.'" (Doc. 58 at 17 (quoting Doc. 58–1 at 37).) Plaintiffs state that "Alberto proceeded to double down on the TESLA positions . . . then transferred approximately $215,000 from the [TD Ameritrade] account to the [Interactive Brokers] account, to offset some of the losses incurred from the uncovered TESLA positions." (Doc. 58 at 17–18 (citing Venice Depo., at 11:21–12:5, 15:16–20; Manuel Depo., Vol II at 143: 13–16, 143:23–144:8).)

In light of Plaintiffs' deposition testimony above, the Court finds that there are genuine issues of material fact, and this matter should not be resolved on summary judgment. *See Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1274 (9th Cir. 2017) (quoting *Basic Inc.*, 485 U.S. at 231)

(finding the materiality of a misrepresentation "is generally an issue of mixed fact and law, best left to the fact-finder")); *see also Baker*, 423 F. Supp. 3d at 878 (finding "genuine issues of material fact existed as to materiality of alleged misrepresentations . . . precluding summary judgment on stockholders' securities fraud claim").

Accordingly, Defendants' partial MSJ as to Plaintiff's fourth cause of action for negligent misrepresentation is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons:

1. R&R is hereby **DISMISSED** from the action;

2. Defendants' partial MSJ is **GRANTED** as to Plaintiffs' third cause of action for violation of California Corporations Code sections 25401 and 25501, Defendants' partial MSJ is **DENIED** as to Plaintiff's fourth cause of action for negligent misrepresentation, and the Court **RESERVES RULING** as to Plaintiffs' first and second causes of action for violation of section 10(b), rule 10b–5, and section 20(a) of the Exchange Act; and

3. The Court **ORDERS** supplemental briefing as to whether there is "a connection to the purchase or sale of any security" in the present case. Defendants shall file supplemental briefing by **August 26, 2022**, and Plaintiffs shall file a response by **September 9, 2022**.

**IT IS SO ORDERED.**

DATE: August 12, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE