# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODITI, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NEW RIVER INVESTMENTS INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:20-cv-01908-RBM-MSB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION TO EXCLUDE EXPERT OPINION AND TESTIMONY OF DAVID PAULUKAITIS**<br><br>**(1) DENYING PLAINITFFS' MOTION TO EXCLUDE EXPERT OPINION AND TESTIMONY OF JULIE JOHNSTONE**<br><br>**[Docs. 53, 54]** |

　　　　On April 1, 2022, Plaintiffs Manuel Roditi and Venice Bejarano ("Plaintiffs") filed a Motion to Exclude Expert Opinion and Testimony of David Paulukaitis and a Motion to Exclude Expert Opinion and Testimony of Julie Johnstone ("Motions"). (Docs. 53, 54.) Defendants New River Investments, Inc., Roditi & Roditi, LLC,[1] Alberto Roditi, and

---

[1] Defendant Roditi & Roditi, LLC was subsequently dismissed from this action on August 12, 2022.  (*See* Doc. 72.)

1

Guillermo Roditi ("Defendants") filed oppositions on May 6, 2022. (Docs. 59, 60.) Plaintiffs filed reply briefs on May 27, 2022. (Docs. 62, 63.)

For the reasons discussed below, Plaintiffs' Motions are **DENIED**.

## I.   BACKGROUND

On September 23, 2020, Plaintiffs filed the present action against Defendants and filed a first amended complaint on June 1, 2021. (Docs. 1, 29.) Plaintiffs assert five causes of action against Defendants including: (1) violation of the Securities Exchange Act of 1934 ("Exchange Act") section 10(b) and Rule 10b–5, (2) violation of section 20(a) of the Exchange Act, (3) violation of section 25401 of the California Corporation Code, (4) negligent misrepresentation, and (5) breach of fiduciary duty. (*See* Doc. 29.) Defendants filed an answer to the amended complaint on June 16, 2022. (Doc. 30)

Pursuant to the Court's scheduling order, Plaintiff and Defendant (collectively, the "Parties") designated experts on January 14, 2022. (*See* Doc. 34.) Defendants designated David Paulukaitis to "provide expert opinion testimony on the allegations in the Plaintiffs' operative complaint in this action related to the investment services provided by Defendants and the regulatory and compliance umbrella under which Defendants operate." (Doc. 53–1 at 2 (citing Doc. 53–2 at 2).) Defendants also designated Julie Johnstone to "provide expert opinion testimony on the allegations in the Plaintiffs' operative complaint related to alleged losses related to the investment in this action, Plaintiffs' alleged damages, and mitigation of damages." (Doc. 54–1 at 2.)

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. For expert testimony to be admitted, it must be useful to the trier of fact, the expert must be qualified to provide the testimony, and the proposed evidence must

be reliable or trustworthy. *Sterner v. U.S. Drug Enf't Agency*, 467 F. Supp. 2d 1017, 1033 (S.D. Cal. 2006).

A trial court acts as a gatekeeper in excluding unreliable expert testimony. *Cooper v. Takeda Pharms. Am., Inc.*, 239 Cal. App. 4th 555, 576 (2015); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 600 (1993) ("Rule 702 confides to the judge some gatekeeping responsibility in deciding questions of the admissibility of proffered expert testimony"). Moreover, a trial court has broad discretion in deciding whether to admit expert testimony and in determining an expert's reliability. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); *see also United States v. Espinosa*, 827 F.2d 604, 611 (9th Cir. 1987) ("[t]he decision to admit expert testimony is committed to the discretion of the district court and will not be disturbed unless manifestly erroneous").

Federal Rule of Civil Procedure ("Rule") 26 requires an expert report contain:

> (1) a complete statement of the expert's opinions and their bases, (2) the information relied upon by the expert in forming the opinions, (3) all exhibits to be used to summarize or support the opinions, (4) the expert's qualifications and list of publications, (5) a list of cases in which the expert testified, and (6) a statement of the expert's compensation.

*Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011) (citing FED. R. CIV. P. 26). A party who fails to comply with Rule 26 "is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1).

### III.   DISCUSSION

A.   Motion to Exclude Expert Opinion and Testimony of David Paulukaitis

Plaintiffs allege that Mr. Paulukaitis' opinions are unreliable because he is unqualified to offer an expert opinion in this action. (Doc. 53–1 at 2.) Plaintiffs claim Mr. Paulukaitis is unqualified because: (1) he is a registered investment advisor in Georgia, not California, (2) he has only testified in California once, which was in a legal malpractice action, (3) he is not offering any opinion as to whether Defendants breached the fiduciary duty owed to Plaintiff, (4) he did not know the requirements for registered investment

3

advisors in California, and (5) he is not an expert on requirements of a registered investment advisor in California. (*Id.* at 4.)

Defendants counter that, while Mr. Paulukaitis is an investment advisor in Georgia, "[h]e also testified and explained in his deposition that he is a 'part owner of an investment advisory firm' that is 'registered in a number of states including California.'" (Doc. 60 at 3.) Defendants argue "Plaintiffs' [sic] have picked a self-serving line of questions in Mr. Paulukaitis' deposition with regards to his testimony as an expert witness." (*Id.*) While Mr. Paulukaitis did state he only recalled testifying in court in California on one matter, Mr. Paulukaitis has provided "extensive expert witness testimony in [Financial Industry Regulatory Authority] arbitrations, where the vast majority of securities disputes are litigated." (*Id.*)

Defendants also explain that they "did not ask [Mr. Paulukaitis] to provide an opinion as to whether or not be believed Defendants breached their fiduciary duty" because that is a question of fact reserved for the jury. (Doc. 60 at 4.) Rather, he "was retained to provide expert testimony on the 'regulatory and compliance umbrella under which Defendants operate' which includes regulation from the SEC and federal securities laws . . . which is fully explored in Mr. Paulukaitis' written report." (*Id.*)

The Court finds that Mr. Paulukaitis' testimony may be helpful to the trier of fact and shall not be excluded at trial. As an initial matter, "Mr. Paulukaitis has been in the securities industry since 1982 and has been providing expert testimony in this arena since 2005." (*Id.*) Moreover, he has been frequently retained as an expert witness in securities arbitration and has testified in arbitration hearings, court proceedings, and administrative proceedings approximately 190 times. (Doc. 53–2 at 29.) Plaintiffs contend Mr. Paulukaitis "is not an expert on California law and is not an expert on the requirements for registered investment advisors in California." (Doc. 62 at 3.) However, as noted above, Defendants confirm they are not presenting his testimony for that specific purpose but to opine as to SEC and federal securities compliance. In reviewing his report, the Court concludes Mr. Paulukaitis is a qualified expert, and his testimony may he helpful to the

4

jury. Plaintiffs' concerns regarding Mr. Paulukaitis' opinions may be explored on cross examination. *See Daubert*, 509 U.S. at 596.

Therefore, Plaintiffs' Motion to Exclude Expert Opinion and Testimony of David Paulukaitis is **DENIED**.

B.  Motion to Exclude Expert Opinion and Testimony of Julie Johnstone

Plaintiffs argue Julie Johnstone's expert report fails to comply with Rule 26's disclosure requirements. (Doc. 54–1 at 4.) Thus, Plaintiffs contend Rule 27 sanctions are warranted, and Ms. Johnstone's testimony should be excluded. (*Id.* at 2.) Plaintiffs allege Ms. Johnstone's initial expert report contains 460 pages of account reconciliations, is unsigned, has zero sentences, and is "completely devoid of a single opinion." (*Id.* at 4.) "After being alerted to their failure to comply with Rule 26, Defendants attempted to rectify the initial report with Ms. Johnstone's amended/supplemental report. However, the amended/supplemental report is equally non-compliant with Rule 26." (*Id.*) Plaintiffs explain "Ms. Johnstone appears to be offering an opinion in the amended/supplemental report that Plaintiffs had an overall gain of $284,534.69." (*Id.*) However, she "neither offers any explanation for how Plaintiffs supposedly ended in a gain, nor provides any opinion in any discernable form as to how she arrived at that determination." Thus, her reports cannot be deemed a "complete statement" of her opinions. (*Id.*)

Defendants argue that Ms. Johnstone's report complies with Rule 26 and that "Plaintiffs may disagree with the quantity of opinion or scope of opinions, but there is no failure as outlined in Rule 26." (Doc. 59 at 3.) Defendants contend any remedy for Rule 26 violations is to allow the report to be supplemented, or conduct a deposition of Ms. Johnstone. (*Id.* at 4.) Defendants also contend that Ms. Johnstone's opinions "rest on accounting principals and basic mathematics over which there should not be a serious dispute" and that, as to the factual foundation of Ms. Johnstone's opinions, "nothing in *Daubert* changes the general rule that the 'factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility.'" (Doc. 59 at 4 (quoting *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 n.14 (9th Cir. 2004).) Lastly,

Defendants explain that exclusion of Ms. Johnstone's testimony would be unduly prejudicial and would "drastically interfere with Defendants['] ability to defend this case." (Doc. 59 at 5.)

On February 18, 2022, Defendants provided Ms. Johnstone's initial expert report to Plaintiffs. (Doc. 54–1 at 2; Doc. 54–2 at 2.) On March 8, 2022, Plaintiffs notified Defendants that Ms. Johnstone's report was insufficient and noncompliant with Rule 26. (*Id.*) On March 10, 2022, Defendants provided a supplemental expert report. (*Id.*) While Ms. Johnstone's supplemental report is brief, the Court finds that it complies with the general requirements Rule 26. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (finding that the expert's violation of Rule 26 did not cause prejudice to the opposing party when a timely supplemental report was served). Additionally, the Court notes that sanctions are unwarranted because Plaintiffs notified Defendants of the deficiency in the report, and Defendants diligently cured the defect within two days. Thus, any error is deemed harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also* FED. R. CIV. P. 37(c)(1).

Therefore, Plaintiffs' Motion to Exclude Expert Opinion and Testimony of Julie Johnstone is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions are **DENIED**.

**IT IS SO ORDERED.**

DATE:  October 13, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE