**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL RODITI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NEW RIVER INVESTMENTS INC., et al.,<br><br>Defendants. | Case No.: 3:20-cv-01908-RBM-MSB<br><br>**ORDER DENYING DEFENDANTS NEW RIVER INVESTMENTS, INC., RODITI & RODITI, LLC, ALBERTO RODITI, AND GUILLERMO RODITI DOMINGUEZ'S MOTION TO EXCLUDE EXPERT OPINION AND TESTIMONY OF BRIAN BERGMARK**<br><br>**[Doc. 51]** |

On April 1, 2022, Defendants New River Investments, Inc., Roditi & Roditi, LLC,[1] Alberto Roditi, and Guillermo Roditi ("Defendants") filed a Motion to Exclude the Expert Opinion and Testimony of Brian Bergmark ("Motion"). (Doc. 51.) Plaintiffs Manuel Roditi and Venice Bejarano ("Plaintiffs") filed an opposition on May 6, 2022. (Doc. 57.) Defendants filed a reply on May 27, 2022. (Doc. 61.) For the reasons discussed below,

---

[1] Defendant Roditi & Roditi, LLC was subsequently dismissed from this action on August 12, 2022. (*See* Doc. 72.)

1

Defendants' Motion is **DENIED**.

## I.  BACKGROUND

On September 23, 2020, Plaintiffs filed the present action against Defendants and filed a first amended complaint on June 1, 2021. (Docs. 1, 29.) Plaintiffs assert five causes of action against Defendants including: (1) violation of the Securities Exchange Act of 1934 ("Exchange Act") section 10(b) and Rule 10b–5, (2) violation of section 20(a) of the Exchange Act, (3) violation of section 25401 of the California Corporation Code, (4) negligent misrepresentation, and (5) breach of fiduciary duty. (*See* Doc. 29.) Defendants filed an answer to the amended complaint on June 16, 2022. (Doc. 30)

Pursuant to the Court's scheduling order, Plaintiff and Defendant (collectively, the "Parties") designated experts on January 14, 2022. (*See* Doc. 34.) Plaintiffs designated Lisa Roth to opine on liability issues and Brian Bergmark to "provide testimony pertaining to damage issues which include but are not limited to Plaintiffs' damages as set forth in the operative complaint, and any and all other relevant matters at trial as they pertain to Mr. Bergmark's expertise." (Doc. 51–1 at 4 (citing Doc. 51–2 at 4); Doc. 57 at 2.)

## II.  LEGAL STANDARD

Federal Rule of Evidence ("Rule") 702 provides that expert testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. For expert testimony to be admitted, it must be useful to the trier of fact, the expert must be qualified to provide the testimony, and the proposed evidence must be reliable or trustworthy. *Sterner v. U.S. Drug Enf't Agency*, 467 F. Supp. 2d 1017, 1033 (S.D. Cal. 2006).

A trial court acts as a gatekeeper in excluding unreliable expert testimony. *Cooper v. Takeda Pharms. Am., Inc.*, 239 Cal. App. 4th 555, 576 (2015); *see Daubert v. Merrell*

*Dow Pharms., Inc.*, 509 U.S. 579, 600 (1993) ("Rule 702 confides to the judge some gatekeeping responsibility in deciding questions of the admissibility of proffered expert testimony"). Moreover, a trial court has broad discretion in deciding whether to admit expert testimony and in determining an expert's reliability. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); *see also United States v. Espinosa*, 827 F.2d 604, 611 (9th Cir. 1987) ("[t]he decision to admit expert testimony is committed to the discretion of the district court and will not be disturbed unless manifestly erroneous").

### III.   DISCUSSION

Defendants argue that "Mr. Bergmark provides an opinion on the amount of damages incurred by Plaintiffs wholly based on unsupported, unreliable and unscientific assumptions." (Doc. 51–1 at 4.) Defendants deem such testimony unreliable because Mr. Bergmark's opinions are "based on an assumption that [Plaintiffs'] accounts should have been invested in a certain investment mix (i.e., 70% of the portfolio invested in NASDAQ and 30% of the portfolio invested in the Russell 100)" which was provided by Plaintiffs' counsel to Mr. Bergmark. (*Id.*) Mr. Bergmark testified the investment mix was provided by Lisa Roth, Plaintiffs' liability expert, to Plaintiffs' counsel who then relayed the investment mix to Mr. Bergmark so he could form an opinion. (Doc. 51–1 at 9–10.) However, Defendants explain that "[n]owhere in Ms. Roth's report does she opine that the investment mix for [Plaintiffs'] investment accounts should have been 70% of the portfolio in NASDAQ and 30% of the portfolio invested in Russell 1000." Thus, Defendants argue Mr. Bergmark's opinion is based on "*what Plaintiffs' counsel believed* was an appropriate investment mix for his clients' accounts." (*Id.* at 13 (emphasis added).)

As an initial matter, Plaintiffs explain that Mr. Bergmark is a qualified expert and may opine on Plaintiffs' damages. (Doc. 57 at 4.) Mr. Bergmark has "provided accounting and consulting services for firms and businesses since 1984" and "has testified extensively regarding economic loss in trials, depositions, and arbitrations in this jurisdiction." (*Id.*) In regard to the investment mix, Plaintiffs argue that "[t]o assist the trier of fact in evaluating damages, Plaintiffs need to set forth what sum should have been in Plaintiffs'

1  account but for Defendants' alleged wrongdoing." (*Id.* at 5.)  Thus, Ms. Roth developed
2  an investment mix "based on the nuances of [Plaintiffs'] investment profile." (Doc. 57 at
3  5 (citing Doc. 57–1 at 132).)  "That investment mix was sent to Plaintiffs' counsel and
4  subsequently relayed by Plaintiffs' counsel to Mr. Bergmark for use in his damage
5  calculation." (Doc. 57 at 5.)  Plaintiffs argue that, not only does Rule 703 allow an expert
6  to "base an opinion on facts or data in the case that the expert has been made aware of or
7  personally observed," but Mr. Bergmark's report utilizes the investment mix and provides
8  a thorough analysis of how Plaintiffs' damages have been computed. (Doc. 57 at 5 (citing
9  FED. R. EVID. 703).)  Therefore, "Mr. Bergmark's methodology is sound, his opinion and
10 testimony are reliable, and his expertise would be helpful to the trier of fact." (Doc. 57 at
11 6.)

12     Mr. Bergmark's report indicates he obtained the investment mix data based on
13 information as identified by Ms. Roth. (Doc. 57-1 at 49, n. 8.)  As noted, Rule 702 permits
14 an expert to form an opinion based upon facts or data for which the expert has been made
15 aware.  The fact that the information was provided indirectly, from Ms. Roth to Plaintiffs'
16 counsel to Mr. Bergmark, does not deem the testimony unreliable or inadmissible.
17 Although Ms. Roth did not include the investment mix opinion in her expert report,
18 Defendants did not make an argument as to compliance with Rule 26.  Even assuming
19 *arguendo* a Rule 26 violation occurred, such error is harmless because Defendants had an
20 opportunity to depose both experts and any concern as to the underlying data itself can be
21 the subject of cross-examination by counsel.  As such, the Court concludes Mr. Bergmark's
22 opinion is admissible in this action.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion is **DENIED**.

25 / / /
26 / / /
27 / / /
28 / / /

1     **IT IS SO ORDERED.**

2    DATE:  October 13, 2022

3    _____
     HON. RUTH BERMUDEZ MONTENEGRO
4    UNITED STATES DISTRICT JUDGE