# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODITI and VENICE BEJARANO,<br><br>                      Plaintiffs,<br>v.<br>NEW RIVER INVESTMENTS INC., et al.,<br><br>                      Defendants. | Case No.: 3:20-cv-01908-RBM-MSB<br><br>**ORDER REGARDING ISSUES IDENTIFIED IN JOINT PRETRIAL ORDER**<br><br>[Docs. 98] |

On June 1, 2021, Plaintiffs filed their Amended Complaint. (Doc. 29 ("FAC").) On December 7, 2023, the parties filed their Proposed Joint Pretrial Order ("PTO"). (Doc. 98.) The PTO identified several issues in dispute. (*Id.* at 3, 4 n.1, 6 n.2 & 3.) First, Defendants objected to Plaintiffs' claim that Defendants failed to use reasonable care because it was not plead in Plaintiffs' FAC. (*Id.* at 3.) Second, Plaintiffs objected to Defendants' unjust enrichment defense because it was not asserted in their answer to Plaintiffs' FAC. (*Id.* at 4 n.1.) Third, Plaintiffs objected to two of Defendants' witnesses—Samantha Powell and Morgan Stanley's Person Most Knowledgeable—because they were not included in Defendants' pretrial disclosures. (*Id.* at 6 n.2 & 3.) On December 12, 2023, the Court requested supplemental briefing on the issues identified in the parties' PTO. (Doc. 103.)

1    On December 15, 2023, both parties filed supplement briefing.  (Docs. 109, 111.)
2    In their briefing, Defendants indicated that they had withdrawn their unjust enrichment
3    defense and would no longer be calling Ms. Powell as witness. (Doc. 109 at 2.)  Defendants
4    also indicated that they would subpoena Morgan Stanley's Custodian/Keeper of Records
5    instead of Morgan Stanley's Person Most Knowledgeable.  (*Id.*)  On December 19, 2023,
6    both parties filed a response to each other's supplemental briefing. (Docs. 113, 114.)

7    Regarding Plaintiffs' claim that Defendants failed to use reasonable care,
8    Defendants argue that Plaintiffs cannot "sneak in" a reasonable care claim at the "eleventh
9    hour," where the basis of the claim was not revealed in Plaintiffs' First Amended
10   Complaint ("FAC").  (Doc. 109 at 2; *see also* Doc. 113 at 2.)  Additionally, Defendants
11   argue that, even had Plaintiffs moved to amend their FAC, amendment would be improper
12   because Plaintiffs' unduly delayed amendment in bad faith and because amendment would
13   prejudice Defendants.  (Doc. 109 at 3.)  Finally, Defendants argue that Plaintiffs conflate
14   the ordinary standard of care applicable to negligence claims with that of the higher
15   standard of care applied to a financial advisor.  (Doc. 113 at 2.)

16   On the other hand, Plaintiffs argue that "the failure to use reasonable care is a
17   required element of a claim for breach of fiduciary duty under California law[.]"  (Doc.
18   111 at 2.)  Specifically, Plaintiffs argue that the duty of reasonable care with respect to the
19   fiduciary duties owed by a stockbroker are set forth in the Judicial Council of California's
20   Civil Jury Instructions (2024) (the "CACIs").  (*Id.* at 2–3.)  Plaintiffs also argue that the
21   duty of reasonable care is the "default" duty of care under both federal and California case
22   law.  (Doc. 114 at 2.)  Finally, Plaintiffs argue that Defendants' failure to use reasonable
23   care was alleged in Plaintiffs' FAC and the Expert Report of Lisa Roth.  (Doc. 111 at 2–4;
24   *see also* Doc. 114 at 2–3.)

25   Based on the agreement of the parties, the Court **ORDERS** Defendants to withdraw
26   their unjust enrichment defense and remove Samantha Powell and Morgan Stanley's
27   Person Most Knowledgeable from their witness list.  Further, as set forth below, the Court
28   **FINDS** that Plaintiffs' claim that Defendants failed to use reasonable care is properly

before the Court and may proceed to trial. Nevertheless, the Court **ORDERS** Plaintiffs to amend their FAC by **Tuesday, January 2, 2024** and Defendants to answer Plaintiffs' amended complaint by **Thursday, January 4, 2024**.

## I. DISCUSSION

### A. Under California Law, a Fiduciary Relationship Gives Rise to Multiple Duties

As stated above, Defendants primarily argue that Plaintiffs cannot "sneak in" a reasonable care claim at the "eleventh hour" where the basis of the claim was not revealed in Plaintiffs' FAC and that amendment at this juncture would unduly prejudice Defendants. (Doc. 109 at 2–3; *see also* Doc. 113 at 2.) However, the primary issue before the Court is whether, under California law, a claim for breach of fiduciary duty encompasses a claim for a breach of the duty of reasonable care, not whether amendment is proper. The Court finds that a claim for breach of fiduciary duty does encompass a claim for breach of the duty of reasonable care.

#### 1. The CACIs

CACI Jury Instructions 4100 through 4120 concern claims for the breach of fiduciary duty. First, CACI Jury Instruction 4100 explains the concept of fiduciary duty. Then, CACI Jury Instructions 4101 through 4111 outline specific fiduciary duties, including (1) the fiduciary duty to use reasonable care (CACI No. 4101), (2) the fiduciary duty of undivided loyalty (CACI No. 4102), and (3) the fiduciary duties of stockbrokers to their clients (CACI No. 4105). This structure alone suggests that Plaintiffs' claim for breach of fiduciary duty encompasses a claim for breach of the duty of reasonable care, breach of the duty of undivided loyalty, and more.

Additionally, CACI No. 4101, the model instruction for a breach of the fiduciary duty of reasonable care, includes optional language pertaining to stockbrokers. Thus, the Court is not persuaded by Defendants' argument that CACI 4101 does not apply to the present stockbroker case.

### 2. California Common Law

California common law also supports the Court's interpretation of the CACI jury instructions concerning fiduciary duties. In California, the elements of a cause of action for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) its breach, and (3) damage proximately caused by that breach. *Knox v. Dean*, 205 Cal. App. 4th 417, 432–433 (2012). The Court address the first two elements below.

#### a) The Existence of a Fiduciary Relationship—Element One

Regarding the first element, "[a] fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the *utmost good faith for the benefit of the other party*. Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent." *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29 (2003) (internal quotations and citations omitted) (emphasis added). "[E]xamples of relationships that impose a fiduciary obligation to act on behalf of and for the benefit of another are a joint venture, a partnership, or an agency. But, [t]hose categories are merely illustrative of fiduciary relationships in which fiduciary duties are imposed by law." *Cleveland v. Johnson*, 209 Cal. App. 4th 1315, 1339 (2012) (internal quotation marks and citations omitted); *see also Wolf*, 107 Cal. App. 4th at 30 ("Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers, and agent/principal."). "The investment adviser/client relationship is one such relationship, giving rise to a fiduciary duty as a matter of law." *Hasso v. Hapke*, 227 Cal. App. 4th 107, 140 (2014). Here, the parties stipulated that "Defendant Alberto Roditi had a fiduciary duty to Plaintiffs as their registered investment advisor related to the Interactive Brokers account at issue." (Doc. 100 at 2.) Thus, the Court may proceed to its discussion of the second element—breach.

### b) Breach—Element Two

Once a fiduciary relationship is established, "*fiduciary duties [plural]* are imposed by law." *Cleveland*, 209 Cal. App. 4th at 1339 (emphasis added); *see also Hasso*, 227 Cal. App. 4th at 140 (citing *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal. App. 4th 409, 416 (2000), *disapproved of on other grounds in Reeves v. Hanlon*, 33 Cal. 4th 1140, 1154 (2004)). Numerous duties apply to a principal/agent fiduciary relationship, such as an investment adviser/client relationship.

#### (1) Duty of Utmost Good Faith

For example, a fiduciary has a duty to act with the utmost good faith for the benefit of the other party. *Cleveland*, 209 Cal. App. 4th at 1338; *see also Twomey v. Mitchum, Jones & Templeton, Inc.*, 262 Cal. App. 2d 690, 709 (1968) ("The relationship between a broker and principal is fiduciary in nature and imposes on the broker the duty of acting in the highest good faith toward the principal.") (internal quotations and citations omitted); *Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1160 (2005) ("We review first the basic principles of fiduciary and confidential relations. … Both relationships give rise to a fiduciary duty, that is, a duty to act with the utmost good faith for the benefit of the other party.") (internal quotations and citations omitted).

#### (2) Duty of Reasonable Care

A "fiduciary also is required to manage the subject matter of the relationship (or res) with due care[.]" *Oakland Raiders v. Nat'l Football League*, 131 Cal. App. 4th 621, 631 (2005) (internal quotations and citations omitted); *see also Salahutdin v. Valley of California, Inc.*, 24 Cal. App. 4th 555, 563 (1994) (analyzing the line between a fiduciary's breach of the duty of care and constructive fraud); *Tribeca Companies, LLC v. First Am. Title Ins. Co.*, 239 Cal. App. 4th 1088, 1114 (2015) ("The breach of fiduciary duty can be based upon either negligence or fraud, depending on the circumstances."); *Huerta v. Ocwen Loan Servicing, Inc.*, No. C 09-05822(HRL), 2010 WL 728223, at *4 (N.D. Cal. Mar. 1, 2010) ("A claim for negligence or breach of fiduciary duty requires the existence of a legal duty to exercise reasonable care or to act as a fiduciary."). "There is no question that a

stockbroker or investment advisor owes a duty of care to an investor." *Oravecz v. New York Life Ins. Co.*, No. B206066, 2009 WL 3111813, at *4 (Cal. Ct. App. Sept. 30, 2009) (finding that operative complaint adequately states a *prima facie* claim for breach of fiduciary duty). "To state a claim of breach, the plaintiff need only allege the person acted as his fiduciary (e.g., stockbroker), acted on plaintiff's behalf with respect to his investments, failed to act as a reasonably careful broker would have acted under the same or similar circumstances, and that his failure to do so was a substantial factor in causing the plaintiff harm." *Id.*

### (3) Duty of Undivided Loyalty

Additionally, a fiduciary owes the beneficiary a duty of undivided loyalty. *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 411 (2007) (citing Rest. 3d, Agency, § 8.01); *see also Gilman v. Dalby*, 176 Cal. App. 4th 606, 614 (2009) ("In the commercial context, traditional examples of fiduciary relationships include those of…agent/principal. Inherent in [this relationship] is the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than those required of ordinary contractors.") (quotations and citations omitted).

### (4) Duties of a Stockbroker

Finally, a stockbroker owes his or her client several additional context-specific duties. "[A] stockbroker has a fiduciary duty (1) to ascertain that the investor understands the investment risks in the light of his or her actual financial situation; (2) to inform the customer that no speculative investments are suitable if the customer persists in wanting to engage in such speculative transactions without the stockbroker's being persuaded that the customer is able to bear the financial risks involved; and (3) to refrain completely from soliciting the customer's purchase of any speculative securities which the stockbroker considers to be beyond the customer's risk threshold." *Duffy v. Cavalier*, 215 Cal. App. 3d 1517, 1532 (1989).

Thus, under California law, any of the aforementioned claims is properly before the Court and may proceed to trial.

**B.      The Court Has Broad Discretion to Grant Plaintiffs Leave to Amend Their FAC Before, During, or After Trial**

The Federal Rules of Civil Procedure give the Court broad leeway to grant Plaintiffs leave to amend their FAC before, during, or after trial. Before trial, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "[i]f, at trial, a party objects that evidence is not within the issues raised in the pleadings, the [C]ourt may permit the pleadings to be amended. The [C]ourt should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the [C]ourt that the evidence would prejudice that party's action or defense on the merits." *Id.* 15(b)(1). Finally, "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." *Id.* 15(b)(2).

Before trial, "'(t)he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires.'" *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)); *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires.") (internal quotations and citations omitted); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal. 2010) ("Federal Rule of Civil Procedure 15(a)…should be applied with 'extreme liberality.'") (citations omitted). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Id.*; *AmerisourceBergen Corp.*, 465 F.3d at 951. "[T]he consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Defendants

carry the burden of showing why leave to amend should not be granted." *Stearns*, 763 F. Supp. 2d at 1154. Here, Defendants have not met this burden.

In their supplement briefing, Defendants argue that "Plaintiffs' FAC makes no mention of Plaintiffs' new theory that Defendants' failed to use reasonable care." (Doc. 109 at 3; *see also* Doc. 113 at 2.) Relatedly, Defendants contend that "Plaintiffs conflate the ordinary standard of care for that of the higher standard of care applied to a financial advisor" and that "here Defendants' fiduciary duty requires more than an obligation to exercise ordinary reasonable care." (Doc. 113 at 2–3.) Defendants also argue that "[t]he instant action has been pending for roughly 3.5 years, and adding a new claim now, the basis of which could have been brought at the time the original complaint was filed, smacks of undue delay and bad faith" and that "Plaintiffs would be unfairly prejudiced by…a new claim at this eleventh hour." (Doc. 109 at 3.) The Court disagrees.[1]

As set forth above (*see* section II.A), in California, a claim for the breach of fiduciary duty encompasses a claim for the breach of the duty of reasonable care. Thus, the Court does not agree with Defendants' assertion that Plaintiffs' failure to plead the two claims separately "smacks of undue delay and bad faith." (Doc. 109 at 3.) Rather, it seems that Plaintiffs have not sought leave to amend their FAC because Plaintiffs believe that their claim for breach of fiduciary duty against Defendants necessarily includes a claim that Defendants failed to use reasonable care.

Further, Defendants will not be prejudiced by the addition of a claim for the breach of the duty of reasonable care. Plaintiffs' claims all stem from Defendants' alleged mismanagement of Plaintiffs' money (*see* FAC ¶¶ 12–37), and Defendants have had 3.5 years to conduct discovery on this factual issue. Therefore, the Court is not persuaded that Defendants will be prejudiced by additional claims stemming from the same allegations of mismanagement.

---

[1] Notably, Defendants do not argue that amendment would be futile.

Regardless, the Court is persuaded that Plaintiffs' FAC sufficiently alleges the breach of the duty of reasonable care. Plaintiffs allege that "[t]he management of Plaintiffs' accounts fell below the **standard of care**" and that "[t]he management of Plaintiffs' account, which fell below the **standard of care**, caused a significant loss to Plaintiffs' investment." (FAC ¶ 64–65 (emphasis added).) Thus, as of June 2, 2021, when Plaintiffs filed their FAC, Defendants were on notice of this claim. Permitting Plaintiffs to add a cause of action based on claims already made in the body of their FAC will not prejudice Defendants.

Finally, Defendants' argument that "Plaintiffs conflate the ordinary standard of care for that of the higher standard of care applied to a financial advisory" and that "Defendants' fiduciary duty requires more than an obligation to exercise ordinary reasonable care" does not help their case. (Doc. 113 at 2–3.) Common sense dictates that a higher standard of care subsumes a lower standard of care.

## II.   CONCLUSION

As set forth above, based on the agreement of the parties, the Court **ORDERS** Defendants to withdraw their unjust enrichment defense and remove Samantha Powell and Morgan Stanley's Person Most Knowledgeable from their list of witnesses. Further, as set forth below, the Court **FINDS** that Plaintiffs' claim that Defendants failed to use reasonable care is properly before the Court and may proceed to trial. Nevertheless, the Court **ORDERS** Plaintiffs to amend their FAC by **Tuesday, January 2, 2024** and Defendants to answer Plaintiffs' amended complaint by **Thursday, January 4, 2024**.

**IT IS SO ORDERED.**

DATE:  December 27, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE