**PRINCE LOBEL TYE LLP**
KIRSTEN PATZER (*pro hac vice*)
MA Bar No. 668564
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617.456.8024
Email: kpatzer@princelobel.com

POKALA LAW APC
KALYAN POKALA (CA Bar No. 259947)
2535 Kettner Blvd. Ste. 2C-2
San Diego, CA 92101
Telephone: 619.326.8036
Email: kalyan@pokalalaw.com

Attorneys for Defendants
NEW RIVER INVESTMENTS, INC.,
ALBERTO RODITI, and
GUILLERMO RODITI DOMINGUEZ

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manuel Roditi and Venice Berjano<br><br>Plaintiffs,<br><br>v.<br><br>New River Investments, Inc, Roditi & Roditi, LLC, Alberto Roditi, and Guillermo Roditi Dominguez<br><br>Defendants. | Case No. 3:20-cv-01908-BEN-MSB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants New River Investments, Inc., , Alberto Roditi, and Guillermo Roditi Dominguez (collectively "Defendants") respectfully answer the Second Amended Complaint ("Complaint" or "SAC") filed by Manuel Roditi and Venice Berjano (collectively "Plaintiffs"), and admit, deny, and allege as follows:

//

## JURISDICTION AND VENUE

1. To the extent that Paragraph 1 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendants deny that the Court has subject matter jurisdiction over the Defendants. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. To the extent that Paragraph 2 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and § 27 Securities Exchange Act of 1934 ("Exchange Act"). Defendants admit that Plaintiffs purport to bring their first and second causes of action pursuant to section 10(b) of the Exchange Act, and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, however Defendants deny that Plaintiffs' third and fourth causes of action arise out of 28 U.S.C. § 1331, 28 U.S.C. § 1337, § 27 Securities Exchange Act of 1934 ("Exchange Act"), or section 10(b) of the Exchange Act, and the rules and regulations promulgated thereunder, including SEC Rule 10b-5. Defendants deny that the Court has subject matter jurisdiction over the Defendants. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. To the extent that Paragraph 3 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport to invoke the Court's supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367(a). Defendants deny that the Court has supplemental jurisdiction over the Defendants. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 contains a legal conclusion or legal conclusions, Defendants need not respond. Defendants admit that Plaintiffs purport

to invoke the Court's jurisdiction pursuant to § 27 of the Exchange Act and 28 U.S.C. § 1391(b). However, Defendants deny that the Court has subject matter jurisdiction over the Defendants. Defendants further deny that the Court has personal jurisdiction over the Defendants and deny that any of the acts giving rise to the violations which Plaintiffs allege took place in this district. None of the Defendants are citizens of this district, and in fact, none of the parties, including Plaintiffs are citizens of this district. None of the parties have sufficient contacts with the district to convey jurisdiction over this dispute. Defendants further deny that there was a sale of unregistered securities, either in this district or in any other district. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5. Defendants have insufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore deny them.

6. Defendants have insufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and therefore deny them.

7. Defendants admit that New River Investments, Inc. ("NRI") is a registered corporation with the state of Nevada and maintains their principal office in Los Angeles, California. Defendants deny that NRI engaged in the alleged federal and state securities violations within this district. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. To the extent the allegations in Paragraph 9 relate to Defendant Alberto Roditi, Defendant Alberto Roditi admits that he resides in Ft. Lauderdale and is a citizen of the State of Florida. Defendant Alberto Roditi denies that he has ever engaged in business in this district. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 8.

9. To the extent the allegations in Paragraph 9 relate to Defendant Guillermo Roditi Dominguez ("Guillermo"), Defendant Guillermo Roditi

Dominguez admits that he resides in Los Angeles, California and denies that he has ever engaged in business in this district.

10. Defendants deny the allegations in Paragraph 10 of the Complaint and deny that Defendants Alberto Roditi and Guillermo Roditi Dominguez are Control Persons.

## MATERIAL ALLEGATIONS

11. Defendant NRI admits that it is a Registered Investment Adviser. Defendant NRI admits that Defendant Guillermo Roditi Dominguez is the CEO of NRI.

12. Defendants deny that Plaintiffs began investing with NRI in April 2000. NRI was not incorporated until 2017. Defendants admit that Plaintiffs began their investment relationship with NRI in April 2011. To the extent that Paragraph 12 purports to allege what Plaintiffs "believed," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation. Defendants deny that Defendants made any assurances to Plaintiffs, at any time. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit that Plaintiffs maintained three investment accounts with Defendant NRI. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit that NRI managed two accounts for Plaintiffs custodied at TD Ameritrade and one account at Interactive Brokers. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15. Defendants deny that Plaintiffs have been damaged by any of the Defendants. Defendants deny that Plaintiffs were induced by any of the Defendants to invest their funds.

16. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and therefore deny them.

1  17. Defendants deny that Plaintiffs increased their investment by depositing funds with the individual Defendants. Except as expressly admitting, Defendants deny the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and therefore deny them.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint. Plaintiffs' investment did not involve unregistered securities.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

## SAFE HARBOR PROVISION

36. To the extent that Paragraph 36 contains a legal conclusion or legal conclusions, Defendants need not respond. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 36.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 10(B) PF THE EXCHANGE ACT AND RULE 10B-5

### (AGAINST ALL DEFENDANTS)

37. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 36 as though fully set forth herein.

38. The factual allegations and legal conclusions contained in Paragraph 38 of the Complaint are denied. Plaintiffs fail to sufficiently plead the elements of this cause of action as they fail to identify: 1) what material misrepresentations were made regarding the risk of investments; 2) whether it was a misrepresentation or a failure to disclose the risk of the investments; 3) which Defendant made the misrepresentations or failed to disclose the risk; 4) when these misrepresentations or failures to disclose risk took place; 5) how these misrepresentations or failures to disclose risk took place.

39. To the extent that Paragraph 39 contains a legal conclusion or legal conclusions, Defendants need not respond. Plaintiffs fail to identify which Defendant is being sued as a primary participant or as the controlling person. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. The factual allegations and legal conclusions contained in Paragraph 41 of the Complaint are denied.

42. The factual allegations and legal conclusions contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in Paragraph 43 are denied.

### SECOND CLAIM FOR RELIEF
**VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT**
**(AGAINST THE CONTROL PERSON DEFENDANTS)**

44. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 43 as though fully set forth herein.

45. Defendants deny the allegations of Paragraph 45.

46. The factual allegations and legal conclusions contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

### THIRD CLAIM FOR RELIEF

### NEGLIGENT MISREPRESENTATION

### (AGAINST ALL DEFENDANTS)

48. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 47 as though fully set forth herein.

49. The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

### FOURTH CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTY

### (AGAINST ALL DEFENDANTS)

56. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 55 as though fully set forth herein.

57. The factual allegations and legal conclusions contained in Paragraph 57 of the Complaint are denied.

58. The factual allegations and legal conclusions contained in Paragraph 58 of the Complaint are denied.

59. The factual allegations and legal conclusions contained in Paragraph 59 of the Complaint are denied.

60. The factual allegations and legal conclusions contained in Paragraph 60

of the Complaint are denied.

61. The factual allegations and legal conclusions contained in Paragraph 61 of the Complaint are denied.

62. The factual allegations and legal conclusions contained in Paragraph 62 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM)

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(BARRED BY THE STATUTE OF LIMITATIONS)

Plaintiffs' causes of actions are barred in whole or in part by the applicable statutes of limitations or repose.

### THIRD AFFIRMATIVE DEFENSE

(FAILURE TO MITIGATE DAMAGES)

Plaintiffs failed to mitigate their damages, and to the extent that Plaintiffs may be entitled to such damages, which Defendants specifically deny, they are barred from any recovery therefrom.

### FOURTH AFFIRMATIVE DEFENSE

(DEFENDANTS NOT PROXIMATE CAUSE)

The damages, if any, allegedly suffered by Plaintiffs were proximately caused, or were the consequence of the conduct, actions, omissions, negligence or intentional acts of the Plaintiffs and/or parties other than Defendants.

### FIFTH AFFIRMATIVE DEFENSE

(ACTIONS MADE IN GOOD FAITH)

At all relevant times, Defendants acted in good faith and at no time acted intentionally, fraudulently, negligently, or recklessly with respect to any matter alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(LOSSES NOT CAUSED BY ACTS OR OMISSIONS OF DEFENDANTS)

Plaintiffs' losses, if any, were caused by market, economic, or other forces, and not from any act or omission of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

(FAILURE TO PLEAD FRAUD WITH SPECIFICITY)

Plaintiffs' claims are barred because they failed to plead fraud or its predicate acts with sufficient particularity under the Private Securities Litigation Reform Act, California state law, and Rule 9 of the Federal Rules of Civil Procedure.

## EIGHT AFFIRMATIVE DEFENSE

(PLAINTIFFS' DAMAGES CAUSED BY PLAINTIFFS' ACTIONS)

Plaintiffs' damages, if any, were the proximate result of their own conduct and decisions, and Plaintiffs engaged in such conduct and made decisions knowing full well the risks involved, so as to have assumed any such risks and the likely consequences of such risks.

## NINTH AFFIRMATIVE DEFENSE

(RATIFICATION)

Plaintiffs ratified all actions and/or omissions of which Plaintiffs now complain.

## TENTH AFFIRMATIVE DEFENSE

(ESTOPPEL, LACHES, RATIFICATION, AND WAIVER)

Plaintiffs directed, approved, and/or authorized each and every transaction in their account and/or ratified, accepted, acquiesced, and confirmed in all respects such transactions. Consequently, their claims are barred by the equitable doctrines of estoppel, laches, ratification, and waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

(UNCLEAN HANDS)

Plaintiffs are barred from seeking or obtaining any relief from Defendants by

the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (RECOVERY BARRED BY FULL PERFORMANCE BY DEFENDANTS)

Plaintiffs' claims are barred because Defendants fully performed any and all contractual, statutory, and other duties that may have been owed to Plaintiffs under applicable law, except for those obligations the performance of which were excused by the conduct or omissions of Plaintiffs, including but not limited to Plaintiffs' breaches and/or failure to perform their obligations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (LACK OF PERSONAL JURISDICTION)

Plaintiffs' claims should be dismissed because this Court lacks personal jurisdiction over the Defendants. None of the Defendants are citizens of this district, nor are any of the Plaintiffs. None of the alleged actions took place in this district. No sales or purchases took place in this district. Therefore, there are not sufficient contacts between the defendants and this district with reasonable particularity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (LACK OF SUBJECT MATTER JURISDICTION)

Plaintiffs' claims should be dismissed because this Court lacks subject matter jurisdiction over the Defendants. For subject matter jurisdiction, the causes of action must arise out of a federal question. The third cause of action for negligent misrepresentation does not arise out of a federal question. The fourth cause of action for breach of fiduciary duty does not arise from a federal question.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (IMPROPER VENUE)

Plaintiffs' claims should be dismissed, or in the alternative transferred, because this Court is not the proper venue for this dispute. None of the actions alleged involve this district. Plaintiffs are not citizens of this district, they are citizens of the country of Mexico. None of the defendants are citizens of this

district. The proper venue for this dispute would be either in the State of Colorado or the State of Florida, where the alleged misrepresentations by Defendant Alberto Roditi took place. Defendant Alberto Roditi does not have sufficient minimum contacts to be subject to this venue's jurisdiction.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (PLAINTIFF LACKS STANDING)

Plaintiffs are not damaged. To have standing, Plaintiffs must have tangible monetary damages, i.e. losses. In the totality of their three accounts, Plaintiffs made a profit, not a loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (NO PRIVATE RIGHT OF ACTION - § 206 OF INVESTMENT ADVISERS ACT OF 1940)

Plaintiff are barred from seeking or obtaining relief from Defendants for their breach of fiduciary duty cause of action, as there is no private right of action under §206 of the Investment Advisers Act of 1940 for breach of fiduciary duty.

## NINETEENTH AFFIRMATIVE DEFENSE
### (RESERVATION OF RIGHTS)

Defendants hereby reserve their right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of such defenses not presently known to them.

## PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

1. That the Complaint be dismissed for lack of personal jurisdiction;
2. That the Complaint be dismissed against Defendants with prejudice;
3. That Plaintiff takes nothing by its action, and that Judgment be entered in favor of Defendants; and
4. That Defendants be awarded any and all further relief, in law or equity, to which they are entitled.

Dated: January 4, 2024                    **POKALA LAW APC**

                                    By:    /s Kalyan Pokala
                                           Kalyan Pokala
                                           *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, I caused to be electronically filed DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Dated:  January 4, 2024                    **POKALA LAW APC**

                                        By:     /s Kalyan Pokala
                                            Kalyan Pokala
                                            *Attorneys for Defendants*