**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL RODITI and VENICE BEJARANO,<br><br>Plaintiffs,<br><br>v.<br><br>NEW RIVER INVESTMENTS INC., et al.,<br><br>Defendants. | Case No.: 3:20-cv-01908-RBM-MSB<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CERTIFYING JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**<br><br>**[Doc. 227]** |

On October 8, 2024, Plaintiffs Manuel Roditi and Venice Bejarano (collectively, "Plaintiffs") filed an Ex Parte Application for an Order Certifying Judgment for Registration in Another District ("Ex Parte"). (Doc. 227.) In their Ex Parte, Plaintiffs request an order certifying the $2,100,000 judgment entered by this Court against Defendants New River Investments, Inc., Alberto Roditi, and Guillermo Roditi Dominguez (collectively, "Defendants") on February 20, 2024 (*see* Doc. 205) for registration in another district pursuant to 28 U.S.C. § 1963. (Doc. 227 at 2.) "Plaintiffs further request the Court direct the Clerk of the Court to enter the Clerk's Certification of Judgment to be Registered in Another District (Form AO 451)[.]" (*Id.*)

1

Plaintiffs argue that good cause exists to certify the judgment for registration in the Southern District of Florida and the District of Colorado because, while Defendants lack sufficient assets in California to satisfy the judgment, Defendant Roditi and his ex-spouse, Gabriela Dominguez, have substantial assets in the Southern District of Florida and District of Colorado.  (*Id.* at 2, 4, 6–8.)  Plaintiffs also argue that Defendant Roditi has taken action to subvert or hinder Plaintiffs' collection of the judgment.  (*Id.* at 6, 8–9.)

Plaintiffs indicate that they attempted to meet and confer with Defendants' counsel regarding this Ex Parte but did not receive a response.  (*Id.* at 3.)  To date, Defendants have not filed an opposition to Plaintiffs' Ex Parte.

## I.     DISCUSSION

### A.     Ex Parte Relief

To warrant ex parte relief, "[f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial.  A sliding scale is used to measure the threat of prejudice.  If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits.  If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm."  *Id.*

"Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Id.*  "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation."  *Id.* at 493.

The Court finds that ex parte relief is warranted in this case.  First, as set forth below (*see* Section I.B), Plaintiffs "have a high likelihood of success" because they have shown good cause for this Court to certify the judgment for registration in the Southern District of Florida and District of Colorado."  (Doc. 227 at 9 (citing *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197–98 (9th Cir. 2001)).)  Second, Plaintiffs have shown that "Defendants have the knowledge and ability to easily sell their properties or deed them to another family member in an effort to prevent a sale to satisfy the Judgment against them."  (*Id.* at 9–10 (*UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. CV 07-05808 SJO (FFMx), 2012 WL 12882702, at *2 (C.D. Cal. Oct. 3, 2012) (finding that an ex parte application for an order certifying judgment for registration was warranted because of the risk of transferring or removing assets from the judgment jurisdiction)).)  Third, the Court finds that Plaintiffs are not at fault and did not create the circumstances requiring ex parte relief.  *See Mission Power Eng'g Co.*, 883 F. Supp. at 493.  Here, the evidence shows that Plaintiffs' counsel reached out to Defendants' counsel regarding payment of the judgment on August 2, 2024 and received no response.  (Pettit Decl., ¶ 3, Ex. 1.)  Plaintiffs' counsel then emailed Defendants' counsel again on September 15, 2024 and September 24, 2024 regarding their intent to file the present Ex Parte.  (*Id.*)  Again, Defendants' counsel did not respond.  (*Id.*)  The evidence also shows that Defendants have not provided a bond or other security to stay enforcement of the judgment.  (*Id.* ¶ 5.)  Thus, Defendants have had ample time to meaningfully discuss issues related to the payment of the judgment and this Ex Parte but have failed to do so.  Ex parte relief is warranted in this case.

The Court also addresses Defendants' failure to file an opposition to Plaintiffs' Ex Parte.  "A motion for an order must not be made ex parte unless it appears by affidavit or declaration … that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made …."  S.D. Cal. Civ. R. 83.3(g)(2).  Additionally, "[e]x parte applications that are not opposed within three [c]ourt days may be considered unopposed and granted on that

ground. The opposing party must immediately notify chambers that they intend to oppose the ex parte application." (Ruth Bermudez Montenegro, U.S. District Judge, Civil Chambers Rule VI.) Here, Plaintiffs' counsel attempted to meet and confer with Defendants' counsel regarding this Ex Parte on September 15, 2024 and September 24, 2024, but Defendants' counsel did not respond. (Pettit Decl. ¶ 3.) Plaintiffs then filed their Ex Parte on October 8, 2024. (Doc. 227.) Defendants have not filed any opposition as of the date of this Order (October 16, 2024), and Defendants' counsel did not notify chambers of any intent to file an opposition. Pursuant to this Court's Civil Chambers Rules, the Court may grant Plaintiffs' Ex Parte on this basis alone. *See also In re Ex Parte Apple Inc.*, No. 15CV1780 BAS(RBB), 2015 WL 5838606, at *5 (S.D. Cal. Oct. 7, 2015) (granting an ex parte application in part because neither opposing party filed an opposition).

**B.     Merits—28 U.S.C. § 1963**

"Under Federal Rule of Civil Procedure 62(a), a judgment of a United States District Court becomes final and enforceable ten days after judgment is entered. At that time, a prevailing plaintiff is entitled to execute upon a judgment. Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order. The registration process is set forth in 28 U.S.C. § 1963[.]" *Columbia Pictures Television, Inc.*, 259 F.3d at 1197 (citations omitted).[1]

"A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district … when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown.* … A judgment so registered

---

[1] An appellant may obtain a formal stay of the judgment pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d). However, Defendants here have not posted such a bond. (Doc. 227-1 ["Pettit Decl."] ¶ 5.)

shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963 (emphasis added). "Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of 'good cause.'" *Columbia Pictures Television, Inc.*, 259 F.3d at 1197.

"Although there is no Ninth Circuit law defining 'good cause,' the courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Id.* at 1197–98 (quotations and citations omitted) (affirming district court's finding of good cause because ample evidence showed the debtor lacked assets in California but owned substantial property in Florida). "The majority of courts that have addressed this question have required that the judgment creditor identify assets in a specific district where they wish to register the judgment." *Funai Elec. Co. v. Daewoo Elecs. Corp.*, No. C-04-1830 JCS, 2009 WL 605840, at *2, 4 (N.D. Cal. Mar. 9, 2009) ("Because [the Judgment Creditor] has made a showing that Judgment Debtors lack assets in the Northern District of California, but have assets in other districts, the Court concludes that [the Judgment Creditor] has made a sufficient showing of good cause to register the judgment in those districts at this time.").

Here, Plaintiffs assert that Defendant Dominguez's home in Los Angeles has an assessed value of only $1,549,328, which is insufficient to satisfy the $2,100,000 judgment in this case. (*See* Doc. 227 at 6–7; Pettit Decl., ¶ 11 [Ex. 7].) Plaintiffs then identify three properties in the Southern District of Florida and the District of Colorado owned by Defendant Roditi or his ex-spouse, whom Plaintiffs suggest Defendant Roditi "questionabl[y]" divorced only six days before this case went to trial. (*See* Doc. 227 at 7–8; Pettit Decl., ¶¶ 6–8, 10, 12 [Exs. 2–4, 6, 8].) Additionally, "[t]he fact that [Defendants] have not made a single payment in fulfillment of its judgment also weighs heavily in favor of a finding of good cause." *UMG Recordings, Inc.*, 2012 WL 12882702, at *4. Therefore, the Court finds Plaintiffs' assertions regarding Defendant Roditi and his ex-spouse's out-

of-district assets sufficient to establish "good cause." *See Funai Elec. Co.*, 2009 WL 605840, at *4.

## II.   CONCLUSION

Based on the foregoing, Plaintiffs' Ex Parte in **GRANTED**.  The Court **CERTIFIES** its February 20, 2024 judgment (Doc. 205) for registration in the Southern District of Florida and the District of Colorado.  The Court **DIRECTS** the Clerk of the Court file the Clerk's Certification of a Judgment to be Registered in Another District (Form AO 451) along with a copy of the judgment entered by this Court on February 20, 2024 (Doc. 205).  The Court also **DIRECTS** the Clerk of the Court to mail two copies of the certified judgment to Plaintiffs' counsel.  *See e.g., F.D.I.C. v. Tarkanian*, No. 10CV980-WQH-BGS, 2012 WL 5944623, at *2 (S.D. Cal. Nov. 26, 2012).

**IT IS SO ORDERED.**

DATE:  October 16, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE