UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODITI and VENICE BEJARANO,<br><br>    Plaintiffs/Judgment Creditors,<br><br>v.<br><br>NEW RIVER INVESTMENTS INC., ALBERTO RODITI, and GUILLERMO RODITI DOMINGUEZ,<br><br>    Defendants/Judgment Debtors. | Case No.: 20-cv-01908-RBM-MSB<br><br>**ORDER DENYING DEFENDANT/JUDGMENT DEBTOR ALBERTO RODITI'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(3)**<br><br>[ECF No. 249] |

Pending before the Court is Defendant/Judgment Debtor Alberto Roditi's ("Roditi")[1] "Motion Pursuant to Fed. R. Civ. P. 60 To Amend Order Granting Plaintiffs' Application for Judgment Debtor Examination of Alberto Roditi or in the Alternative Vacate Order." [ECF No. 249.] Plaintiffs/Judgment Creditors Manuel Roditi and Venice Bejarano (collectively, "Judgment Creditors") filed an opposition, to which Roditi replied. [ECF Nos. 251, 252.] The Court found the matter suitable for determination on the papers

---

[1] The Court refers to Defendant/Judgment Debtor Alberto Roditi as "Roditi" for simplicity. As other parties also share this name, the Court refers to other parties by their full name unless designated otherwise.

and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [ECF No. 250.] For the reasons set forth below, the Court **DENIES** the motion.

I.   RELEVANT BACKGROUND

The background involving this case has been set out in detail in the Court's prior orders. [*See* ECF Nos. 217, 230.] Relevant to this motion, on February 20, 2024, the Court entered Judgment in favor of Plaintiffs/Judgment Creditors and against Defendants/Judgment Debtors Alberto Roditi, New River Investments, Inc., and Guillermo Roditi Dominguez in the amount of $1,575,000.00, jointly and severally, and from New River Investments, Inc. only for the additional amount of $525,000.00, for a total recovery of $2,100,000.00. [ECF No. 205.]

On October 1, 2024, Judgment Creditors filed an Application for Appearance and Judgment Debtor Examination of Roditi and Guillermo Roditi Dominguez, respectively. [ECF Nos. 225, 226.] The application related to Roditi stated "Judgment Debtor [Roditi] owns a business, New River Investments, Inc. The principal address of Judgment Debtor's business is 2231 Glendale Boulevard, Los Angeles, CA 90039, and is therefore located within 150 miles of the location of this Court." [ECF No. 225 ¶ 9.] Although Roditi, through his counsel, was served with the application, he did not object or otherwise respond to it. [*See id.* at 4.]

On October 18, 2024, the Court granted Plaintiffs/Judgment Creditors' unopposed applications. [ECF No. 230 (hereinafter "October 18, 2024 Order").] Relying on the statement in Judgment Creditors' application that "Judgment Debtor [Roditi] owns a business, New River Investments, Inc." with its "principal address" at "2231 Glendale Boulevard, Los Angeles, CA 90039," ECF No. 225 ¶ 9, as well as a similar statement regarding Judgment Debtor Guillermo Roditi Dominguez, who also has a registered residential address in Los Angeles, the Court found "Judgment Debtors appear to reside and have a place of business within the geographical limitations imposed by California's judgment debtor statute." [ECF No. 230 at 3–4.] Accordingly, the Court granted both applications and ordered Judgment Debtors Roditi and Guillermo Roditi Dominguez to

appear on December 4, 2024 at 10:00 a.m. to furnish information to aid in enforcement of the money judgment. [*Id.* at 4–5.]

On December 3, 2024, Judgment Creditors filed a motion to vacate and continue the examinations of Judgment Debtors based on inability to effectuate timely personal service required by California Code of Civil Procedure section 708.110. [ECF No. 245.] The Court granted motion and vacated the December 4, 2024 examination date. [ECF No. 246.]

On December 6, 2024, Roditi filed the instant motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(3), seeking relief from the Court's October 18, 2024, Order. [ECF No. 249.] Roditi alleges Judgment Creditors intentionally misrepresented in their application that Roditi currently owns New River Investments to imply the geographical requirements of California Code of Civil Procedure section 708.160(c) were satisfied. [*Id.* at 3–5.] In support of his motion, Roditi filed a declaration attesting that he resides in Colorado and is not a current owner of New River Investments. [ECF No. 249-1 ¶¶ 2, 4.]

In opposition, Judgment Creditors assert relief under Rule 60(b)(3) is inappropriate because Roditi has failed to prove alleged fraud by clear and convincing evidence; thus, the motion should be denied. [ECF No. 251 at 4–5.] Judgment Creditors concede, based on Roditi's representations made in connection with this motion, he is no longer an owner of New River Investments. [*Id.* at 4.] In an accompanying declaration, counsel explains the mistaken statement was based on a lack of documentation confirming Roditi sold his interest in New River Investments to his son, Defendant/Judgment Debtor Guillermo Roditi Dominguez, as testified to in deposition. [ECF No. 251-1 ¶ 7.] Judgment Creditors maintain this statement was not intended to mislead the Court. [*Id.*; ECF No. 251 at 4.] In addition, Judgment Creditors newly argue section 708.160(b)'s geographical requirement is nonetheless satisfied based on Alberto Roditi's ownership in another California company, as well as his present employment with New River Investments, which undisputedly has its place of business within 150 miles from this Court. [ECF No. 251 at 5–6.] In the alternative, Judgment Creditors assert the Court can order a debtor examination under the Federal Rules. [*Id.* at 7.]

In reply, Roditi argues relief under Rule 60(b)(3) is warranted because "[r]egardless of whether the Court credits Judgment Creditors' version of events, the fact remains that Judgment Creditors admit that their request was based on an incorrect statement of fact in their application." [ECF No. 252 at 4.] Further, Roditi asserts his ownership interest in an unrelated company does not support the order compelling a debtor examination. [*Id.* at 4–5.] Citing on a California Courts Self Help guide, Roditi contends the examination must be conducted "in a court near where the other side lives or works." [*Id.* at 5.] He does not contest he presently works for New River Investments but argues "[t]here is no evidence that he works or otherwise provides services from the company's business address in Los Angeles, California." [*Id.* at 6.]

## II.     LEGAL STANDARD

Rule 60(b)(3) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

"To prevail, the moving party must prove by clear and convincing evidence that the verdict [or order] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho*, 206 F.3d at 880). "The burden of proof is on the party bringing the Rule 60(b) motion." *Kenney v. Lawrence*, No. 13-cv-48, 2018 WL 2461491, at *2 (S.D. Cal. May 31, 2018), a*ff'd sub nom. Kenney v. City of San Diego*, 830 F. App'x 235 (9th Cir. 2020).

Rule 60(b)(3) requires the fraud, misrepresentation, or misconduct at issue "not be discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260. Thus, "[t]he Ninth Circuit reads a due diligence requirement into Rule 60(b)(3), similar to the express due diligence requirement embodied in Rule 60(b)(2)." *Cap Exp., LLC v. Zinus,*

*Inc.*, No. 16-cv-00371, 2020 WL 2896548, at *10 (C.D. Cal. May 11, 2020), *aff'd,* 996 F.3d 1332 (Fed. Cir. 2021). In applying Rule 60(b)(3) in the context of misrepresentations, numerous courts "have construed the due diligence requirement under Rule 60(b)(3) to focus on whether the prejudiced party had prior knowledge of the alleged misrepresentation at issue in the motion, or sufficient notice to choose to pursue it at that time." *Id.* (collecting cases).

### III. ANALYSIS

To obtain relief under Rule 60(b)(3),[2] Roditi must establish by clear and convincing evidence that the Court's October 18, 2024 Order was obtained through "fraud, misrepresentation, or other misconduct" "not discoverable by due diligence," which "prevented [him] from fully and fairly presenting" his arguments. *See Sathianathan v. Smith Barney, Inc.*, No. C 04-02130, 2009 WL 537158, at *3 (N.D. Cal. Mar. 3, 2009), *aff'd*, 362 F. App'x 853 (9th Cir. 2010) (internal citations omitted); *see also Casey*, 362 F.3d at 1260. Roditi has failed to satisfy his burden.

As a preliminary matter, Judgment Creditors acknowledge their statement regarding Roditi's present ownership of New River Investments was factually inaccurate. The Court finds Judgment Creditors' explanation credible that the statement was not intentional or intended to deceive; nevertheless, the Ninth Circuit has recognized negligent misrepresentations may warrant relief under Rule 60(b)(3). *See In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987). "When a motion under Rule 60(b)(3) is based on negligent misrepresentation, it is important that the moving party be required to demonstrate that the misrepresentation prevented it from presenting its case." *Id.*

---

[2] Roditi references Rule 60(b)(1) in his reply brief without addressing how it applies to this case. The Court declines to consider this argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Even assuming a negligent misrepresentation, Roditi fails to address—much less sufficiently demonstrate—how the alleged misrepresentation was not "discoverable by due diligence" or "prevented [him] from fully and fairly presenting" his arguments. *See Casey*, 362 F.3d at 1260. He received notice of the alleged misrepresentation on October 1, 2024, when the application was filed. [ECF No. 225.] Simply by reviewing Judgment Creditors' application, Roditi should have discovered the alleged misrepresentation and taken remedial steps at that time. In particular, Roditi had a full opportunity to address the alleged misrepresentation with the Court by filing either an opposition or objection to the then-pending application. Roditi did neither. Instead, he waited over two months to file this Rule 60(b)(3) motion, in which he attempts to make arguments and present evidence that were known and available—and thus should have been raised—in opposition to the application. "Rule 60(b)(3) is reserved for litigants who were prevented from fully and fairly presenting their case because of the opposing sides' misconduct, not for litigants or their counsel who failed to do so on their own accord." *United States for Use & Benefit of Nasatka Barrier, Inc. v. Int'l Fid. Ins. Co.*, No. 16-cv-8064, 2019 WL 6971381, at *2 (C.D. Cal. Apr. 2, 2019); *see also Sathianathan,* 2009 WL 537158, at *5 (denying relief under Rule 60(b)(3) where alleged fraudulent statements were contained in opposing party's motion and reply brief, and moving party failed to act on it at that time); *Berry v. Dillon*, 291 F. App'x 792, 795 (9th Cir. 2008) (evidence of alleged misrepresentation in possession of moving party before trial, making Rule 60(b)(3) relief inappropriate); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before.").

In sum, Roditi has failed to show the alleged misrepresentation was not discoverable by due diligence and prevented him from fully and fairly presenting his arguments. Accordingly, the Court finds Roditi has failed to satisfy the requirements for Rule 60(b)(3) relief.

Finally, the Court notes the majority of the parties' briefing focuses on the propriety of a judgment debtor examination on alternative bases such as Roditi's present employment at New River Investments, his ownership in another Los Angeles business entity, or under the Federal Rules. However, "Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or judgment." *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-00390, 2021 WL 5396228, at *2 (S.D. Cal. Nov. 18, 2021) (citing *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007)). Accordingly, a Rule 60(b)(3) motion is not the proper mechanism for the Court to consider the alternative bases raised by Judgment Creditors for a judgment debtor examination. To have these alternative grounds adjudicated, and in light of the factual inaccuracy acknowledged by Judgment Creditors, Judgment Creditors should file a renewed request for a judgment debtor examination based on the alternative bases, including under the Federal Rules.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Defendant/Judgment Debtor Alberto Roditi has failed to satisfy the requirements for Rule 60(b)(3) relief and therefore **DENIES** the motion. [ECF No. 249.]

**IT IS SO ORDERED**.

Dated: January 29, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge