# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODITI and VENICE BEJARANO, <br><br> Plaintiffs, <br><br> v. <br><br> NEW RIVER INVESTMENTS INC., et al., <br><br> Defendants. | Case No.: 3:20-cv-01908-RBM-MSB <br><br> **ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER PENDING OUTCOME OF MOTION FOR CHARGING ORDER** <br><br> **[Doc. 255]** |

Pending before the Court is Plaintiffs Manuel Roditi and Venice Bejarano's (collectively, "Plaintiffs") Ex Parte Application for Temporary Restraining Order Pending Outcome of Motion for Charging Order, which was filed on February 5, 2025 ("Ex Parte Application"). (Doc. 255.) Defendants New River Investments Inc., Alberto Roditi, and Guillermo Roditi Dominguez (collectively, "Defendants") have not opposed the Ex Parte Application.

In their Ex Parte Application, Plaintiffs indicate that they will file a Motion for a charging order against Roditi & Roditi, LLC, which has two members—Defendants Alberto Roditi and Guillermo Dominguez. (*Id.* at 1–2.) Plaintiffs filed the Application for Charging Order on February 12, 2025. (Doc. 259.) Plaintiffs also assert that Roditi &

Roditi, LLC, as well as Defendants New River Investments, Inc., Alberto Roditi, and Guillermo Dominguez have a partnership interest in an investment fund called New River Investments Special Opportunities LP. (Doc. 255 at 2.) Plaintiffs then request a Court order preventing Defendants from dissipating any assets in the investment fund pending the Court's ruling on Plaintiffs' Application for Charging Order. (*Id.*)

In their Ex Parte Application, Plaintiffs argue that "California Code of Civil Procedure § 708.310 provides that if a money judgment is rendered against a member or partner, but not against a limited liability company or limited partnership, the judgment debtor's interest in the limited liability company or limited partnership may be applied toward the satisfaction of the judgment." (*Id.* at 2–3.) Plaintiffs conclude that Defendants' interest in the New River Investments Special Opportunities LP may be applied toward the satisfaction of the judgment in this action. (*Id.* at 3.)

Plaintiffs also argue that Defendants have already taken steps to liquidate and hide assets and therefore Plaintiffs require a temporary restraining order enjoining "Roditi & Roditi, LLC from withdrawing, and the New River Perspective Fund from distributing, any monies owned or beneficially owned by all Judgment Debtors and Roditi & Roditi, LLC while the motion for a charging order is pending." (*Id.* at 3–5.)

## I. DISCUSSION

To warrant ex parte relief, "[f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Id.* "A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits." *Id.* "If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Id.*

"Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

In this district, "[a] motion for an order must not be made ex parte unless it appears by affidavit or declaration … that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made …." S.D. Cal. Civ. R. 83.3(g)(2). Additionally, "[e]x parte applications that are not opposed within three [c]ourt days may be considered unopposed and granted on that ground. The opposing party must immediately notify chambers that they intend to oppose the ex parte application." (Ruth Bermudez Montenegro, U.S. District Judge, Civil Chambers Rule VI.)

Here, Plaintiffs' counsel declared, "[o]n January 27, 2025, I advised all attorneys representing the judgment debtors of my intent to seek a charging order as described in our moving papers. [Defendants' counsel] stated he wanted to meet and confer but no one has stated any specific objection to the motion for a charging order and he has not responded to my last email." (Doc. 255 at 6, Declaration of Douglas A. Pettit in Support of Plaintiffs' Motion for Temporary Restraining Order Pending Outcome of Motion for Charging Order ["Pettit Decl."] ¶ 7.) Plaintiffs' counsel also declared, "[o]n February 3, 2025, I advised all attorneys of my intent to make this ex parte application seeking a temporary restraining order pending the outcome of that motion for a charging order. I have received no response to my email, and no one has indicated they oppose this request." (Pettit Decl. ¶ 8.)

Accordingly, the Court finds that Plaintiffs complied with Civil Local Rule 83.3(g)(2)'s notice requirement, and Defendants still failed to file an opposition to Plaintiffs' Ex Parte Application. Pursuant to this Court's Civil Chambers Rule VI, the Court may grant Plaintiffs' Ex Parte on this basis alone. *See also In re Ex Parte Apple Inc.*,

No. 15CV1780 BAS(RBB), 2015 WL 5838606, at *5 (S.D. Cal. Oct. 7, 2015) (granting an ex parte application in part because neither opposing party filed an opposition).

The Court notes that Defendants' counsel's failure to respond to correspondence from Plaintiffs' counsel, ex parte applications, and noticed motions has permeated both trial and post-trial litigation in this action. In fact, on October 16, 2024, the Court granted Plaintiffs' Ex Parte Application for an Order Certifying Judgment for Registration in Another District in part because Defendants failed to file an opposition. (*See* Doc. 228 at 3–4.) Thus, Defendants' counsel has been on notice of this Court's stringent Civil Chambers Rule VI for months and still failed to file on opposition to the Ex Parte Application at issue here.

## II.    CONCLUSION

Based on the foregoing, Plaintiffs Ex Parte Application (Doc. 255) is **GRANTED**. Defendants and Roditi & Roditi, LLC are **ENJOINED** from withdrawing and distributing any monies owned by or beneficially owned by Defendants and Roditi & Roditi, LLC while Plaintiffs' Application for Charging Order is pending.

**IT IS SO ORDERED.**

DATE:  February 20, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE