**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL RODITI and VENICE BEJARANO,<br><br>Plaintiffs,<br><br>v.<br><br>NEW RIVER INVESTMENTS INC., et al.,<br><br>Defendants. | Case No.: 3:20-cv-01908-RBM-MSB<br><br>**ORDER GRANTING APPLICATION FOR CHARGING ORDER**<br><br>[Doc. 259] |

Pending before the Court is Plaintiffs Manuel Roditi and Venice Bejarano's (collectively, "Plaintiffs") Application for Charging Order ("Application"), which was filed on February 12, 2025. (Doc. 259.) In their Application, Plaintiffs seek an order charging Defendants New River Investments, Inc., Alberto Roditi, and Guillermo Roditi Dominguez's (collectively, "Defendants") membership and partnership interests in Roditi

& Roditi, LLC and New River Investments Special Opportunities LP.[1] (*Id.* at 1.[2])

On February 27, 2025, Defendants filed a Motion to Extend Time for Response to March 3, 2025 (Doc. 262), which the Court granted (Doc. 265). The Court emphasized that "**no further extensions [would] be granted absent extraordinary circumstances.**" (*Id.* at 2 (emphasis in original).) Despite this admonishment, Defendants did not file their Response to Plaintiffs' Application ("Response") until March 21, 2025. (Doc. 270.) On April 7, 2025, Plaintiffs filed their Reply to Defendants' Response to Plaintiffs' Application ("Reply"). (Doc. 272.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Plaintiffs' Application is **GRANTED**.

## I. BACKGROUND

**A. Judgment**

On February 20, 2024, following a week-long jury trial, this Court entered judgment in favor of Plaintiffs and against Defendants for $2.1 million as follows:

> For Breach of Fiduciary Duty: $1,050,000.00 against Defendants New River Investments Inc., Alberto Roditi, and Guillermo Roditi Dominguez.
>
> For Breach of Contract: $525,000.00 against Defendant New River Investments Inc.
>
> For Violations of Section 10(b) of the Exchange Act and Rule 10(b)(5): $525,000.00 against Defendants New River Investments Inc., Alberto Roditi, and Guillermo Roditi Dominguez.

---

[1] "A charging order is a lien on the member's distributional interest." *Fremont Bank v. Signorelli*, Case No. 18-cv-04808-HSG (DMR), 2020 WL 13093882, at *2 (N.D. Cal. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 13093883 (N.D. Cal. Apr. 29, 2020) (citation omitted).

[2] The Court cites to the CM/ECF pagination unless otherwise noted.

(Doc. 205.)

## B. Roditi & Roditi, LLC and New River Investments Special Opportunities LP

Defendants Alberto Roditi and Guillermo Roditi Dominguez are the managing members of Roditi & Roditi, LLC and each hold a 50-50 membership interest. (Doc. 259-1 at 3.) Roditi & Roditi, LLC is the commodity pool operator for New River Investments Special Opportunities LP, a registered commodity pool. (*Id.* at 4–5; Doc. 259-2 at 1.) Defendant New River Investments, Inc. also has an ownership interest in New River Investments Special Opportunities LP. (Doc. 259-1 at 9.)

## C. Plaintiffs' Application

In their Application, Plaintiffs request a charging order against Defendants' interests in Roditi & Roditi, LLC and New River Investments Special Opportunities LP pursuant to California Code of Civil Procedure § 708.310 and California Corporations Code §§ 16504, 17705.03. (Doc. 259 at 1–4.) In support, Plaintiffs attach the Remote Video-and-Audio Deposition of Guillermo Roditi Dominguez (Doc. 259-1), the Statement of Information for Roditi & Roditi, LLC (Doc. 259-2), the Statement of Information for Defendant New River Investments, Inc. (Doc. 259-3), and the Uniform Application for Investment Adviser Registration and Report by Exempt Reporting Advisers for New River Investments, Inc. (Doc. 259-4).

## D. Defendants' Response

In their Response, Defendants argue that any charging order cannot apply to Defendant Guillermo Roditi Dominguez because he filed for bankruptcy, triggering an automatic stay of enforcement proceedings against him under 11 U.S.C. § 362(a). (Doc. 270 at 2.) Defendants then assert that "Plaintiffs erroneously represent … that New River Investments, Inc. is owned by" Defendants Alberto Roditi and Guillermo Roditi Dominguez and that Defendant "New River Investments[, Inc.] has no present interest in the New River Investments Special Opportunities LP … ." (*Id.*) Defendants do not attach any documentation supporting these assertions.

Defendants also argue that the Court should deny Plaintiffs' Application because

1  Roditi & Roditi, LLC and New River Investments Special Opportunities LP are not parties
2  to this action and because Plaintiffs have not given notice to New River Investments
3  Special Opportunities LP's limited partners, i.e. investors. (*Id.* at 3.) Finally, Defendants
4  argue that, if the Court issues a charging order, it should carve out funds for Defendant
5  Alberto Roditi's living expenses and legal defense. (*Id.* at 3–4.)

6  **E.    Plaintiffs' Reply**

7  In their Reply, Plaintiffs argue that the Court should disregard Defendants' untimely
8  Response. (Doc. 272 at 2.) Nonetheless, Plaintiffs argue that the Court should issue a
9  charging order against Defendants New River Investments, Inc. and Alberto Roditi's
10 interests in Roditi & Roditi, LLC and New River Investments Special Opportunities LP
11 because they have failed to pay the outstanding judgment against them. (*Id.* at 3–4.)
12 Plaintiffs clarify, however, that they do not request a charging order against Defendant
13 Guillermo Roditi Dominguez's interest in either entity in light of the pending bankruptcy.
14 (*Id.* at 3.) Plaintiffs also argue that they have not given notice to New River Investments
15 Special Opportunities LP's limited partners because Defendants have refused to provide
16 their information. (*Id.* at 2–3.)

## II.    LEGAL STANDARD

18 Federal Rule of Civil Procedure 69(a) provides, "money judgment is enforced by a
19 writ of execution, unless the court directs otherwise." "The procedure on execution—and
20 in proceedings supplementary to and in aid of judgment or execution—must accord with
21 the procedure of the state where the court is located, but a federal statute governs to the
22 extent it applies." *Id.*

23 "California Code of Civil Procedure Section 708.310, applicable through Federal
24 Rule of Civil Procedure 69(a), provides … : '[i]f a money judgment is rendered against a
25 partner or member but not against the partnership or limited liability company, the
26 judgment debtor's interest in the partnership or limited liability company may be applied
27 toward the satisfaction of the judgment by an order charging the judgment debtor's interest
28 pursuant to Section 15907.3, 16504, or 17705.03 of the Corporations Code.'" *Express*

*Working Cap., LLC v. Starving Students, Inc.*, No. CV 17-0097-VAP (EX), 2017 WL 10605963, at *1 (C.D. Cal. Mar. 1, 2017) (quoting Cal. Civ. Proc. Code § 708.310).

California "Corporations Code Section 17705.03 in turn provides: '[o]n application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.'" *Id.* (quoting Cal. Corp. Code § 17705.03(a)). "A charging order 'only allows the judgment creditor to receive distributions to which the member would otherwise be entitled; it doesn't entitle the creditor to participate in the [limited liability company's] management or exercise the rights of a member.'" *Single Box, LP v. Brett Del Valle*, Case No. CV20-09142 PSG [MC20-00095 UA], 2020 WL 13311406, at *1 (C.D. Cal. Dec. 8, 2020) (quoting *Textron Fin. Corp. v. Gallegos*, CASE NO. 15cv1678-LAB (DHB), 2015 WL 11658718, at *1 (S.D. Cal. Oct. 7, 2015)).

Likewise, California Corporations Code Section 16504(a)–(b) in turn provides: "(a) [o]n application by a judgment creditor of a partner or of a partner's transferee, a court having jurisdiction may charge the transferable interest of the judgment debtor to satisfy the judgment. … (b) A charging order constitutes a lien on the judgment debtor's transferable interest in the partnership."

"Entry of a charging order requires 'substantial evidence' that the debtor is a partner or member of the entity." *Single Box, LP*, 2020 WL 13311406, at *2 (quoting *Textron Fin. Corp.*, 2015 WL 11658718, at *2). "'Substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting same).

"'In addition, a lien on a judgment debtor's interest in a partnership or LLC is created by service of a notice of motion for a charging order on the judgment debtor and either (1) all partners or the partnership, or (2) all members or the LLC.'" *Express Working Cap.,*

*LLC*, 2017 WL 10605963, at *1 (quoting *Choice Hotels Int'l, Inc. v. Penta Denver LLC*, No. C 13-80249 WHA, 2014 WL 458069, at *4 (N.D. Cal. Jan. 27, 2014)); *see also La Jolla Bank, FSB v. Tarkanian*, No. 13-MC-14 GSA, 2013 WL 3717108, at *2 (E.D. Cal. July 12, 2013) ("[T]he Court will not issue a charging order until the judgment debtor, the partnerships and the LLC are properly served under California law.").

### III.   DISCUSSION

**A.   Defendants' Untimely Response**

As set forth above, Defendants' Response to Plaintiffs' Application was untimely. (*See* Docs. 265, 270.)  In a brief footnote, Defendants acknowledge the lateness of their filing but argue that their untimely Response does not prejudice Plaintiffs, particularly considering Defendants' lead counsel's departure from her law firm. (Doc. 270 at 1, n.1.) In their Reply, Plaintiffs assert that Defendants have consistently failed to respond to Plaintiffs' meet-and-confer efforts and file oppositions to Plaintiffs' motions. (Doc. 272 at 2.)  Plaintiffs argue that Defendants' Response should be disregarded given Defendants' pattern of failing to respond to Plaintiffs' correspondence and motion. (*Id.*)

Federal Rule of Civil Procedure 6(b)(1) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).  Here, despite requesting additional time to respond to Plaintiffs' Application, Defendants did not file their Response until 18 days after the new Court-ordered deadline.  Therefore, Defendants must establish excusable neglect under Rule 6(b)(1)(B).

"The text of [Rule] 6(b) places the burden of showing 'excusable neglect' on the party moving for an enlargement of time." *United States v. Pourmohamad*, No. C 06-7933 MJJ, 2007 WL 1176629, at *1 (N.D. Cal. Apr. 20, 2007); *see also Baker v. Ensign*, No. 11-cv-2060-BAS (WVG), 2015 WL 5568044, at *2 (S.D. Cal. Sept. 22, 2015) ("[Defendant] and his counsel make no attempt … to explain the untimely opposition brief.

He … fails to carry his burden under Rule 6(b) requiring a demonstration of excusable neglect.").

"The district court [then] has discretion to determine whether a party's failure to act was excusable neglect." *Quinones v. Zurich Am. Ins. Co.*, Case No.: 18cv467-GPC (MDD), 2018 WL 11651354, at *1 (S.D. Cal. July 16, 2018) (citing *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004)). "In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993): '(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.'" *Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (quoting *Pincay*, 389 F.3d at 855).

Weighing the *Pioneer* factors, the Court finds that Defendants have not established excusable neglect, especially considering the Court's warning that "**no further extensions [would] be granted absent extraordinary circumstances.**" (Doc. 265 at 2 (emphasis in original).) While the Court agrees with Defendants that there is little danger of prejudice to Plaintiffs given the length of the delay—the first and second *Pioneer* factors—Defendants have not explained the reason for the delay and have not asserted that their conduct was in good faith—the third and fourth *Pioneer* factors. Defendants also have not explained why they failed to request an additional extension of time when they had done so only four days prior. (*See* Docs. 262, 265.) While Defendants note lead counsel's departure from her law firm, it is not clear that her departure was the cause of the delay. Put simply, Defendants have failed to meet their burden to establish excusable neglect.[3]

---

[3] Even so, without further explanation, Defendants' counsel's departure from her law firm likely would not have constituted an "extraordinary circumstance" warranting an additional extension. (Doc. 265 at 2.)

*See Pourmohamad*, 2007 WL 1176629, at *1; *Baker*, 2015 WL 5568044, at *1–2.

Additionally, Defendants' history of missed deadlines cuts against a finding of good faith—the fourth *Pioneer* factor. As the Court previously noted, "Defendants' counsel's failure to respond to correspondence from Plaintiffs' counsel, ex parte applications, and noticed motions has permeated both trial and post-trial litigation in this action." (Doc. 260 at 4 (citing Doc. 228 at 3–4).) Accordingly, the Court will disregard Defendants' untimely Response. *See Baker*, 2015 WL 5568044, at *1–2 (sustaining objection to untimely opposition when the defendant and his counsel had a history of missed deadlines and failed to demonstrate excusable neglect); *Pasillas v. Deutsche Bank Nat'l Tr. Co.*, Case No.: 12–CV–04123–LHK, 2013 WL 5225982, at *2, n.3 (N.D. Cal. Sept. 17, 2013) ("Plaintiffs did not seek leave to file an untimely Opposition, nor do they otherwise identify any good cause for the delay. Accordingly, the Court will not consider Plaintiffs' Opposition … ."); *Carter v. Bank of Am., NA*, Case No. EDCV 15-1474-MWF (DTBx), 2015 WL 12732427, at *1 (C.D. Cal. Oct. 22, 2015) ("Plaintiffs filed an untimely Opposition. The Opposition … fails to address why Plaintiffs' Opposition is more than two weeks late … . Rather than reward imprudence with consideration, the Court **STRIKES** Plaintiffs' Opposition as untimely and will not consider any arguments made in the Opposition in reaching the Court's ruling.") (emphasis in original) (internal citation omitted). The Court now turns to the merits of Plaintiffs' Application.

**B.     Merits**

As set forth above, due to the pending bankruptcy, Plaintiffs do not seek an order charging Defendant Guillermo Roditi Dominguez' interests in Roditi & Roditi, LLC and New River Investments Special Opportunities LP. (Doc. 272 at 3.) Therefore, the Court proceeds against Defendants Alberto Roditi and New River Investments, Inc. only and addresses each entity in turn.

**1.     Roditi & Roditi, LLC**

Here, Plaintiffs present deposition testimony evidence that, as of February 8, 2022, Defendants Alberto Roditi and Guillermo Roditi Domingez each had a 50% interest in

Roditi & Roditi, LLC. (Doc. 259-1 at 3.) Further, the members of Roditi & Roditt, LLC, Defendants Alberto Roditi and Guillermo Roditi Dominiguez, have plainly received notice of Plaintiffs' Application as evidenced by Defendants' untimely Response. The Court therefore **GRANTS** Plaintiffs' request for an order charging Defendant Alberto Roditi's interest in Roditi & Roditi, LLC. *See Fremont Bank v. Signorelli*, Case No. 18-cv-04808-HSG (DMR), 2020 WL 13093882, at *2 (N.D. Cal. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 13093883 (N.D. Cal. Apr. 29, 2020) (finding the plaintiff was entitled to a charging order against the defendant's interests in a third-party LLC when the plaintiff obtained a money judgment, the plaintiff offered proof of the defendant's interest in the LLC, and the defendant did not oppose the plaintiff's motion for a charging order).

### 2. New River Investments Special Opportunities LP

Here, Plaintiffs present deposition testimony evidence that, as of February 8, 2022, Defendants New River Investments, Inc. and Alberto Roditi held interests in New River Investments Special Opportunities LP. (*See* Doc. 259-1 at 4–5, 9; Doc. 259-2 at 1; Doc. 259-4 at 13.) Further, Plaintiffs' supporting documentation indicates that the general partners, managers, trustees, or directors of New River Investments Special Opportunities LP are Defendant Alberto Roditi, Defendant Guilermo Roditi Dominguez, and Roditi & Roditi, LLC. (Doc. 259-4 at 13.) Thus, the partnership has plainly received notice of Plaintiffs' Application as evidenced by Defendants' untimely Response. The Court therefore **GRANTS** Plaintiffs' request for an order charging the interests of Defendants New River Investments, Inc. and Alberto Roditi in New River Investments Special Opportunities LP. *See First Cmty. Bank v. Miller*, No. 09-80131 PJH MISC, 2011 WL 704406, at *2 (N.D. Cal. Feb. 18, 2011) (granting plaintiff a charging order against defendant's interest in a California limited partnership when the defendant conceded that, "at least at one time," he held an interest in the limited partnership); *Express Working Cap., LLC*, 2017 WL 10605963, at *2 (granting application for charging order against a judgment debtor's interest in a non-party partnership when presented with a certified judgment and

"uncontroverted evidence" of the judgment debtor's interest).

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs' Application is **GRANTED**.  The Court hereby:

1. Charges the membership interest of Defendant Alberto Roditi in Roditi & Roditi, LLC with payment of the unpaid balance of the judgment entered in this action;

2. Charges the partnership interest of Defendant New River Investments, Inc. in New River Investments Special Opportunities LP with payment of the unpaid balance of the judgment entered in this action; and

3. Charges the partnership interest of Defendant Alberto Roditi in New River Investments Special Opportunities LP with payment of the unpaid balance of the judgment entered in this action.

**IT IS SO ORDERED.**

DATE:  August 1, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE