1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MANUEL RODITI and VENICE
BEJARANO,

                          Plaintiffs,

v.

NEW RIVER INVESTMENTS INC.,
ALBERTO RODITI, and GUILLERMO
RODITI DOMINGUEZ,

                          Defendants.

Case No.: 3:20-cv-01908-RBM-MSB

**ORDER GRANTING IN PART
APPLICATION FOR APPEARANCE
AND JUDGMENT DEBTOR
EXAMINATION OF ALBERTO
RODITI**

**[Doc. No. 273]**

Pending before the Court is Plaintiffs/Judgment Creditors Manuel Roditi and Venice Bejarano's (together, "Judgment Creditors") renewed Application for Appearance and Judgment Debtor Examination of Alberto Roditi ("Renewed Application"). Doc. No. 273. Defendant/Judgment Debtor Alberto Roditi ("Judgment Debtor") opposes the Renewed Application. Doc. No. 279. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the Renewed Application.

## I.    BACKGROUND

On September 23, 2020, Judgment Creditors initiated this suit against Defendants New River Investments Inc., Guillermo Roditi Dominguez, and Alberto Roditi (together, "Defendants"). Doc. No. 1. Following trial in February 2024, the jury returned a verdict in

1

favor of Judgment Creditors. Doc. No. 197. On February 20, 2024, the Court entered judgment in favor of Judgment Creditors, awarding a total of $2,100,000.00 in compensatory damages, broken down as follows: $1,575,000.00 against Defendants, jointly and severally, and $525,000.00 against Defendant New River Investments, Inc. only (hereinafter, the "Judgment"). Doc. No. 205 at 2.

On October 18, 2024, the Court ordered the examination of Judgment Debtor. Doc. Nos. 225, 230. At the request of Judgment Creditors, the Court subsequently vacated the examination based on Judgement Creditors' inability to effectuate personal service on Defendants. Doc. Nos. 245, 246. On December 6, 2024, Judgment Debtor filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(3), seeking relief from the judgment debtor examination. Doc. No. 249. The Court denied the Motion for Reconsideration and ordered Judgment Creditors to file a new application for a debtor examination. Doc. No. 253.

On April 8, 2025, Judgment Creditors filed the Renewed Application, requesting that the Court order: (i) the appearance of Judgment Debtor for a judgment debtor examination; and (ii) the production of documents in response to 34 Requests for Documents ("RFPs"). Doc. No. 273. Judgment Debtor opposes the Renewed Application. Doc. No. 279.

## II.    DISCUSSION

### A.    Applicable Law

Federal Rule of Civil Procedure 69(a) governs the execution of money judgments in federal court. *Labertew v. Langemeier*, 846 F.3d 1028, 1033 n.26 (9th Cir. 2017). Rule 69(a)(1)[1] provides that "[a] money judgment is enforced by a writ of execution" and the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a

---

[1]    All references to a "Rule" are to the Federal Rules of Civil Procedure unless otherwise indicated.

federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In turn, Rule 69(a)(2) provides that "[i]n aid of the judgment or execution," a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Rule 69(a)(1) and (2) represent "two entirely separate aspects of the judgment enforcement process: the first relates to judgment execution *procedure* and supplemental proceedings thereto, while the other controls postjudgment *discovery*." *Fuddruckers, Inc. v. KCOB I, L.L.C.*, 31 F. Supp. 2d 1274, 1277 (D. Kan. 1998) (emphasis in original); *see also Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2016 U.S. Dist. LEXIS 100407, at *6 (S.D. Cal. Aug. 1, 2016) (same); *Pabban Development, Inc. v. Sarl*, No. CV 10-00533 BRO (RNBx), 2015 WL 12731928, *3 (C.D. Cal. Mar. 10, 2015) ("Part one relates to the execution *procedures* available to creditors, while part two controls post-judgment *discovery* in aid of execution.") (emphasis in original).

Under Rule 69(a)(1), state law dictates the execution methods and procedures, unless preempted by a federal statute. Fed. R. Civ. P. 69(a)(1); *see also Fuddruckers, Inc.*, 31 F. Supp. 2d at 1277; *Textron Fin. Corp.*, 2016 U.S. Dist. LEXIS 100407, at *6. In contrast, Rule 69(a)(2) gives the judgment creditor the choice of federal or state discovery procedures to conduct post-judgment discovery. *See El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 n.3 (9th Cir. 1971) ("A judgment creditor proceeding under Rule 69(a) may utilize either state practice or the Federal Rules for taking depositions."); *Textron Fin. Corp.*, 2016 U.S. Dist. LEXIS 100407, at *6-7 (Under Rule 69(a)(2), "a judgment creditor has a choice of using either federal or state discovery methods."); *In re Clerici*, 481 F.3d 1324, 1337 (11th Cir. 2007) ("Rule 69(a) itself expressly permits a 'judgment creditor' to obtain discovery '[i]n aid of the judgment or execution,' and gives the 'judgment creditor' the choice of federal or state discovery procedures to conduct post-judgment discovery.").

Here, Judgment Creditors seek a judgment debtor examination using the judgment enforcement procedures available under California law. Doc. No. 273 at 4 (citing California Code of Civil Procedure Section 708.110, *et seq*.). They fail to specify whether

they seek the debtor examination pursuant to Rule 69(a)(1) or (2), citing both provisions. *Id.* at 3–4. In the alternative, and citing Rule 69(a)(2), Judgment Creditors ask the Court to exercise "its discretion under the Federal Rules so Judgment Creditors may take steps to collect the Judgment . . . ." *Id.* at 5. By citing both provisions as a basis for the same relief, *i.e.*, the debtor examination, and referencing both state and federal law, Judgment Creditors blur the distinction between Rule 69(a)(1) and (2). However, the distinction is important because, as explained above, different law applies depending on (i) whether relief is sought under Rule 69(a)(1) or (2), and (ii) if proceeding under Rule 69(a)(2), whether the judgment creditor elects federal or state discovery rules. Therefore, at the outset, the Court must identify whether state or federal law controls the Court's analysis.

First, as to the debtor examination, the Court finds that California law controls. A debtor examination is not itself a discovery tool, and as noted by the *Fuddruckers* court, fundamentally different from a deposition, even though both solicit information concerning a judgment debtor's financial resources. Specifically, in contrast to a deposition, a debtor examination is "a formal proceeding for which the judgment creditor mobilizes the resources of the court," and "the power of the court is directly involved." *Fuddruckers, Inc.*, 31 F. Supp. 2d at 1278. A judgment creditor also must meet strict requirements before a court orders a debtor's exam, including notice, service, and geographic requirements. *See* Cal. Civ. Proc. Code §§ 708.110(d)–(e), 708.160(b). And unlike service of a discovery request, serving an order for a debtor's examination creates a one-year lien on the debtor's personal property. Cal. Civ. Proc. Code § 708.110(d). Accordingly, multiple courts view debtor examinations as falling within the scope of Rule 69(a)(1). *See, e.g.*, *Fuddruckers, Inc.*, 31 F. Supp. 2d at 1277–1279 (analyzing the distinction between a debtor's examination and discovery and characterizing the former as a "proceeding on and in aid of execution" under Rule 69(a)(1) and not a discovery tool); *PNC Bank Nat'l Ass'n v. Mktg. Goldmines Consulting, LLC*, No. 2:23-cv-08895-MRA-JC, 2024 U.S. Dist. LEXIS 186887, at *8 (C.D. Cal. May 10, 2024) ("Procedures for judgment debtor examinations, which are 'proceedings supplementary to and in aid of judgment or execution,' must also

4

accord with relevant state law procedures.") (citing Rule 69(a)(1)); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-cv-06370-EJD (VKD), 2020 U.S. Dist. LEXIS 13171, at *6–7 (N.D. Cal. Jan. 27, 2020) (characterizing a judgment debtor exam under California law as a "judgment execution procedure"); *Pabban Development, Inc.*, 2015 WL 12731928, *6 ("the court considers the debtor's examination to constitute part of the post-judgment *procedure*, integral to the execution process itself—not post-judgment discovery") (emphasis in original); *Textron Fin. Corp.*, 2016 U.S. Dist. LEXIS 100407, at *6 (noting that one of the execution procedures available under California law is a judgment debtor examination).

For these reasons, the Court considers Judgment Creditors' request for a debtor examination under California Code of Civil Procedure Section 708.110 as a request to proceed with *a state execution procedure* pursuant to Rule 69(a)(1). Therefore, as required by Rule 69(a)(1), the Court applies California law.[2] *See, e.g.*, *21st Century Fin. Servs., LLC v. Manchester Fin. Bank*, No. 14mc0500, 2014 U.S. Dist. LEXIS 179228, at *6 (S.D. Cal. Dec. 30, 2014) (citing Rule 69(a)(1) and concluding that the Court "must follow California's statutory provisions for the enforcement of judgments" in ruling on a motion for debtor's examination).

To the extent Judgment Creditors also ask the Court to grant relief under the Federal Rules of Civil Procedure, they cite no authority to support ordering a debtor examination pursuant to *both* state and federal law. Indeed, even assuming Rule 69(a)(2) applied, it requires that Judgment Creditors choose pursuing discovery under either federal or state law. *See* 13 Moore's Fed. Prac.—Civ. Section 69.04[2] (2025) ("A judgment creditor may choose whether to use federal or state discovery procedures. Once the judgment creditor makes a clear election to use either the federal or the state discovery methods, only that body of law (federal or state) and not the other, will apply."). In short, given the two-part

---

[2]    The Court is not aware of, and the parties do not identify, a federal statute that preempts California law in this instance.

structure of Rule 69(a), Judgment Creditors can use either (i) execution procedures governed by state law or (ii) discovery methods governed by state *or* federal law. They cannot, however, seek a debtor examination (which is not a discovery tool) under both state and federal law as neither Rule 69(a)(1) or (2) supports such relief. Given Judgment Creditors' intent to pursue the execution procedures available under California law, the Court denies Judgment Creditors' invitation to apply federal law.

Second, as to the RFPs, the Court also applies state law. In demanding documents, Judgment Creditors cite to California Code of Civil Procedure Section 708.030, which permits a judgment creditor to demand that a judgment debtor produce documents in the manner provided by California's civil discovery rules. Doc. No. 273 at 6; *see also* Cal. Civ. Proc. Code §§ 708.030(a) (referencing "Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4"), 2031.010 (permitting a party to demand that another party produce documents). Moreover, a judgment debtor shall respond and comply with the demand in the manner and within the time provided by California's discovery rules. Cal. Civ. Proc. Code § 708.030(a). Accordingly, for purposes of determining whether to order a response to the RFPs, the Court looks to California law.

## B.    <u>Judgment Debtor Examination</u>

Judgment Creditors seek a Court order directing Judgment Debtor to appear for a debtor examination in this Court. Doc. No. 273 at 1. California Code of Civil Procedure Section 708.110 authorizes a judgment creditor to conduct a judgment debtor examination as follows:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.

(c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.

(d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 30 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.

(e) Except as provided in section 708.111, the order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal. Civ. Proc. Code § 708.110. Additionally, the proper court for a debtor examination is the court in which the money judgment is entered. Cal. Civ. Proc. Code §708.160(a). However, a person may not be required to attend an examination in a court located outside the county in which the person resides or has a place of business, unless the examination location is within 150 miles of either. Cal. Civ. Proc. Code § 708.160(b).

Here, the Court finds that Judgment Creditors make the requisite showing under California Code of Civil Procedure Sections 708.110 and 708.160 to support a debtor's examination of Judgment Debtor. First, because this Court entered a money judgment in their favor, Manuel Roditi and Venice Bejarano are each a "judgment creditor," as that term is defined under California law. *See* Cal. Civ. Proc. Code § 680.240. As such, each are judgment creditors within the meaning of Rule 69(a). Second, Judgment Creditors have not conducted a debtor examination of Judgment Debtor in the last 120 days and thus properly moved for a debtor examination ex parte.

Moreover, Judgment Creditors' supporting declarations confirm that the Judgment remains unsatisfied, and Judgment Debtor has not paid any portion of the Judgment. Doc. No. 273-1 at ¶¶ 3–4. Hence, a debtor's examination will aid in the judgment or execution.

7

Judgment Creditors further represent that Judgment Debtor (i) holds a 50% ownership interest in Roditi & Roditi, LLC, a California limited liability company ("Roditi & Roditi"), located at 2231 Glendale Boulevard, Los Angeles, CA 90039 and (ii) is employed by New River Investments Inc. ("New River Investments"), a business located at the same address. Doc. Nos. 273 at 4, 279 at 6. Judgment Debtor admits to testifying in a pre-trial deposition that he holds a 50% ownership interest in Roditi & Roditi. Doc. No. 279 at 6. He also does not dispute that the business address for both Roditi & Roditi and New River Investments is 2231 Glendale Boulevard, Los Angeles, CA 90039, that this address is within 150 miles of this Court, or that he is an employee of New River Investments. *See generally id.* Judgment Debtor also does not necessarily contest Judgment Creditors' right to conduct a debtor's examination. *See generally id.*

Instead, Judgement Debtor opposes a debtor's examination *in this Court*, arguing that he does not live or have a "place of business" in Los Angeles, CA. Judgment Debtor asserts that he is a remote employee of New River Investments, working out of his home in Colorado, and therefore he does not live or work in Los Angeles, CA. Doc. No. 279 at 6–7. He further contends that Roditi & Roditi is "simply a pass-through entity," a corporation without employees and operations, and therefore not a business operating in Los Angeles, CA. *Id.* at 7. He concludes that "[w]here his employer is based is irrelevant to determine where he should be forced to sit for a judgment debtor examination." *Id.*

In support of his objection to the examination, Judgment Debtor also cites *Pabban*. In *Pabban*, the court overruled objections to a decision quashing the debtor examination of a foreign-based judgment debtor. Analyzing California Code of Civil Procedure Section 708.160, the *Pabban* court held that the 150-mile limit in Section 708.160(b) applied to the foreign-based judgment debtor and thus the debtor was too remote to compel its attendance. *Pabban Development, Inc.*, 2015 WL 12731928, \*4–5. The court further held that the plaintiff failed to comply with the service requirements under California Code of Civil Procedure Section 708.111(d). *Id.* at \*5–6. Judgment Debtor suggests he is similarly situated to the judgment debtor is *Pabban* because, like the *Pabban* judgment debtor,

8

Judgment Debtor filed an appeal of the Judgment, which may nullify the current Judgment. Doc. No. 279 at 8.

Judgment Debtor's arguments are unpersuasive. California Secretary of State records show that 2231 Glendale Boulevard, Los Angeles, CA 90039 is the (i) "Principal Address" and "Mailing Address" for New River Investments Inc. and (ii) "Principal Office" and "Mailing Address" for Roditi & Roditi, LLC. Doc. Nos. 259-3 at 1, 273-1 at 23. As such, Judgment Debtor has both a business located in Los Angeles, CA and is an employee of a business also located in Los Angeles, CA. And while Judgment Debtor seeks to draw a distinction between a "corporation" and a "business" to suggest the former does not represent a "place of business," *see* Doc. No. 279 at 7, he cites no authority supporting this proposition. He similarly cites no authority for his contention that the location of his employer is irrelevant to the Court's analysis. Further, contrary to his representations, by establishing and registering a business in California and working for a California employer, Judgment Debtor has "availed himself of the State of California." *See* Doc. No. 279 at 8 (citing *Legal Additions LLC v. Kowalski*, No. C-08-2754 EMC, 2011 U.S. Dist. LEXIS 81179 (N.D. Cal. July 26, 2011) to suggest that unlike the judgment debtor in *Legal Additions*, Judgment Debtor here has not availed himself of this jurisdiction). And as he admits, Judgment Debtor did not challenge venue in this District when the matter was originally filed, and thus appeared in this District, presumably without objection, for a deposition and a week-long trial. Doc. No. 279 at 4, 8; *see also* Doc. No. 161 at 1.

Furthermore, Judgement Debtor's reliance on *Pabban* is misplaced. The judgment debtor's pending appeal was not a deciding factor in *Pabban*. Instead, *Pabban* relied on the geographical limitation in California Code of Civil Procedure Section 708.160(b) and the service requirements in California Code of Civil Procedure Section 708.110 in deciding whether the magistrate judge properly quashed the debtor's examination. *See Pabban Development, Inc.*, 2015 WL 12731928, *4–6. Additionally, *Pabban* involved a foreign-based judgment debtor, which is not the case here. *Id.* at *1.

9

Lastly, the Court notes that Judgment Debtor does not contend that he is *unable* to participate in an examination in California (*e.g.*, due to financial limitations, a medical condition, etc.). He also does not dispute that Judgment Creditors offered to conduct the examination by videoconference in lieu of a formal debtor's examination, which he effectively declined to do. Doc. Nos. 273 at 3, 273-2 at 10, 279 at 5. Under these circumstances, it is unfair to ask Judgment Creditors to incur additional costs in aid of the judgment or execution.

In sum, the Court finds that Judgment Debtor has a place of business located at 2231 Glendale Boulevard, Los Angeles, CA 90039, which is within 150 miles of this Court, as required by California Code of Civil Procedure Section 708.160(b).[3] Therefore, the Court **GRANTS** Judgement Creditors' request for a debtor's examination of Judgment Debtor in this Court.

## C. <u>Requests for Production of Documents</u>

In addition, Judgment Creditors seek an order directing Judgment Debtor to produce, at least one week prior to the examination, information and documents outlined in the RFPs. Doc. No. 273 at 6. However, there is no evidence that such an order is appropriate or warranted at this time.

California Code of Civil Procedure Section 708.030(a) permits a judgment debtor to demand documents in the manner provided by California's civil discovery rules, commencing with Section 2031.010. Cal. Civ. Proc. Code § 708.030(a); *see also Lee v. Swansboro Country Prop. Owners Assn.*, 151 Cal. App. 4th 575, 580 (2007). Those rules allow a party to demand documents "without leave of court at any time." *See* Cal. Civ. Proc. Code § 2031.020(a). Thus, while Judgment Creditors are correct that they may

---

[3]   The distance between 2231 Glendale Boulevard, Los Angeles, CA 90039 and this Court (333 West Broadway, San Diego, CA 92101) is less than 150 miles based on Google Maps.

demand documents from Judgment Debtor, Doc. No. 273 at 6, they do not need a court order to make that demand.

Moreover, there is no evidence that Judgment Creditors properly served the RFPs on Judgment Debtor, that he was given 30 days to respond, and that he is objecting or otherwise refusing to respond to any specific RFP. *See* Cal. Civ. Proc. Code §§ 2031.040 (party making demand "shall serve a copy of the demand on the party to whom it is directed"); 2031.210 (setting forth nature and format of a response to a demand for documents); 2031.260(a) (allowing a party at least 30 days to respond to a demand for documents). Under these circumstances, an order requiring production in response to the RFPs is premature.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Judgment Creditors' request for an order requiring Judgment Debtor to produce documents in response to the RFPs. Assuming Judgment Creditors elect to pursue discovery under California's discovery rules, they shall follow the procedures set forth therein before seeking any further relief from the Court on this issue.

## III.   CONCLUSION

For the reasons stated above, the Court: (i) **GRANTS** Judgment Creditors' request for a judgment debtor examination of Alberto Roditi; and (ii) **DENIES WITHOUT PREJUDICE** Judgment Creditors' request to direct Alberto Roditi to produce information and documents in response to the RFPs.

**IT IS HEREBY ORDERED**:

1.    Alberto Roditi **SHALL** appear for an examination to furnish information to aid in enforcement of the money judgment on:

**Date:**         **November 5, 2025**
**Time:**         **10:00 a.m.**
**Appearance:**   **In Person**
**Location:**     **United States District Court, Southern District of California**
                  **James M. Carter and Judith N. Keep U.S. Courthouse**
                  **333 W. Broadway**
                  **San Diego, CA 92101**

11

The proceeding will be held in **Jury Assembly Room 230**, located on the Lobby Level of the Courthouse.

2.    Judgment Creditor must personally serve this Order by a sheriff, marshal, or registered process server upon Alberto Roditi not less than 30 days before the date set for the examination and must file a proof of service with the Court.

3.    <u>**NOTICE TO JUDGMENT DEBTOR**</u>. **IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**[4]

**IT IS SO ORDERED.**

Dated: August 11, 2025

_____

Honorable Valerie E. Torres
United States Magistrate Judge

---

[4]    This notice is furnished pursuant to California Code of Civil Procedure Section 708.110(e).

12

3:20-cv-01908-RBM-MSB