**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MANUEL RODITI and VENICE BEJARANO,
Plaintiffs,
v.
NEW RIVER INVESTMENTS INC., et al.,
Defendants.

Case No.: 3:20-cv-01908-RBM-MSB

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' EX PARTE APPLICATION TO ENFORCE CHARGING ORDER**

**[Doc. 287]**

Before the Court is Plaintiffs Manuel Roditi and Venice Bejarano's (collectively, "Plaintiffs") Ex Parte Application to Enforce Charging Order ("Ex Parte Motion"). (Doc. 287.) Plaintiffs request that the Court "enforce the recently filed Charging Order" or, alternatively, "issue a further order that the charged interests of Alberto Roditi and 50% of the interests of Roditi & Roditi LLC be turned over to Plaintiffs pursuant to California Code of Civil Procedure section 699.040." (*Id.* at 1.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Ex Parte Motion is **<u>DENIED without prejudice</u>**.

## I. BACKGROUND

### A. The Parties and Entities

Defendants Alberto Roditi and Guillermo Roditi Dominguez are the managing members of Roditi & Roditi, LLC and each holds a 50-50 membership interest. (Doc. 259-1 at 3.) Roditi & Roditi, LLC is the commodity pool operator for New River Investments Special Opportunities LP ("NRI LP"), a registered commodity pool. (*Id.* at 4–5; Doc. 259-2 at 1.) Defendant New River Investments, Inc. ("NRI") also has an ownership interest in NRI LP. (Doc. 259-1 at 9.)

### B. The Judgment

On February 20, 2024, following a week-long jury trial, this Court entered judgment in favor of Plaintiffs and against Defendants for $2.1 million as follows: $1,050,000 against Alberto Roditi, Guillermo Roditi Dominguez, and NRI for breach of fiduciary duty; $525,000 against NRI for breach of contract; and $525,000 against Alberto Roditi, Guillermo Roditi Dominguez, and NRI for violations of Section 10(b) of the Exchange Act and Rule 10(b)(5). (Doc. 205.) The Ninth Circuit affirmed this judgment in a memorandum issued on December 10, 2025. (Doc. 292; *see also* Doc. 293 (Ninth Circuit mandate issued on January 2, 2026).) Plaintiffs represent, and Defendants do not dispute, that "Defendants have not paid any part of the judgment." (Doc. 287 at 2.)

### C. The Charging Order

On February 12, 2025, Plaintiffs requested a charging order against Defendants' interests in Roditi & Roditi, LLC and NRI LP pursuant to California Code of Civil Procedure § 708.310 and California Corporations Code §§ 16504, 17705.03. (Doc. 259 at 1–4.) On August 1, 2025, the Court granted Plaintiffs' application, charging (1) the membership interest of Alberto Roditi in Roditi & Roditi, LLC, (2) the partnership interest of NRI in NRI LP, and (3) the partnership interest of Alberto Roditi in NRI LP with payment of the unpaid balance of the judgment entered in this action. (Doc. 282 at 10.) Then, on August 11, 2025, Magistrate Judge Torres granted Plaintiffs' renewed request for a judgment debtor examination of Alberto Roditi. (Doc. 283.) On August 21, 2025, a Writ

of Execution was entered against Defendants. (Docs. 280, 285.) About two weeks later, Plaintiffs filed the instant Ex Parte Motion. (Doc. 287.)

## II. <u>LEGAL STANDARD</u>

A "money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a). The execution procedure "must accord with the procedure of the state where the court is located" unless a federal statute controls. *Id.*; *see also Credit Suisse v. United States Dist. Court*, 130 F.3d 1342, 1344 (9th Cir. 1997). Therefore, California law controls these post-judgment enforcement proceedings.

## III. <u>DISCUSSION</u>

### A. Ex Parte Relief

Plaintiffs seek relief under California Code of Civil Procedure § 699.040, which explicitly authorizes ex parte applications for turnover orders. Defendants argue that "Plaintiffs have failed to demonstrate the irreparable harm necessary for ex parte relief." (Doc. 290 at 2–3.)

The Court previously discussed the law regarding ex parte applications in its Order granting Plaintiffs' ex parte application for a temporary restraining order. (*See* Doc. 260 at 2–3.) This District imposes additional requirements on ex parte applications. *See Testone v. Barlean's Organic Oils, LLC*, Case No.: 19-CV-169 JLS (BGS), 2020 WL 283689, at *2 (S.D. Cal. May 29, 2020) ("[C]ompliance with the Local Rules is a prerequisite, not a substitution, for the additional requirements for ex parte relief articulated in the case law."). "A motion for an order must not be made ex parte unless it appears by affidavit or declaration . . . that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made . . . ." S.D. Cal. Civ. R. 83.3(g)(2). Because ex parte applications are disfavored, the Court generally requires "stringent" adherence to these requirements. (*See, e.g.*, Doc. 260 at 3–4 (granting Plaintiff's ex parte application because Defendants failed to comply with the rules).) Here, although it appears that Plaintiffs did meet and confer with Defendants (*see* Doc. 287 at 4), there is no "affidavit or declaration" attesting to

compliance with this District's requirements for seeking ex parte relief. Therefore, the Ex Parte Motion is **<u>DENIED without prejudice</u>**. (*See also* The Hon. Ruth Bermudez Montenegro Civ. Chambers R. VI ("Failure to comply with these rules may result in the Court striking the ex parte application.").) Given the case's procedural posture and the scantness of the Parties' briefs, however, the Court finds it appropriate to also address the merits of the Ex Parte Motion.

**B. Charging Order**

Plaintiffs first seek to "enforce the [ ] Charging Order." (Doc. 287 at 1.) Defendants argue that this request is meritless because they "are in full compliance with the Charging Order." (Doc. 290 at 5–6.) Defendants essentially concede that they "could be required to make . . . payment to the Plaintiffs under the Charging Order . . . if [Roditi & Roditi LLC or NRI LP] make partnership or membership distributions," but that no partnership or membership distributions have been made. (*Id.*)

"A charging order is a lien on the member's distributional interest." *Textron Fin. Corp. v. Gallegos*, CASE NO. 15cv1678-LAB (DHB), 2015 WL 11658718, at *1 (S.D. Cal. Oct. 7, 2015). "It only allows the judgment creditor to receive distributions to which the member would otherwise be entitled; it doesn't entitle the creditor to participate in the LLC's management or exercise the rights of a member." *Id.* (citing Cal. Corp. Code §§ 17701.02(aa), 17705.02, and 17705.03). Plaintiffs are indeed entitled to receive distributions, but as Defendants note, no such distributions have been made since the Charging Order issued. Therefore, even if Plaintiffs had complied with the requirements for ex parte relief, the Court would deny this request without prejudice.

**C. Turnover Order**

Plaintiffs next request that the Court "enter an order turning over the charged assets to Plaintiffs." (Doc. 291 at 2; Doc. 287 at 4–5.) Plaintiffs argue that they "have obtained a charging order, have identified a specific interest in property that can be used to partially satisfy the judgment[,] and have identified a need for the turnover order" given NRI's refusal to pay the judgment. (Doc. 287 at 4.) Defendants argue that neither Roditi & Roditi

LLC nor NRI LP is a judgment debtor, so Defendants' interests in those entities "are not subject to turnover." (Doc. 290 at 4–5.)

Turnover orders are governed by California Code of Civil Procedure § 699.040:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> > (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.
> >
> > (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. . . .
>
> (b) The court may issue an order pursuant to this section upon a showing of need for the order.

Cal. Code Civ. P. § 699.040.

There is no dispute that "a writ of execution [has been] issued." (*See* Docs. 280, 285.) The Court thus turns to the remaining provisions of § 699.040.

**1. Showing of Need**

"The threshold for showing need is relatively low; courts have found the requisite need when a debtor defaulted on a payment program and refused to voluntarily satisfy a judgment, and when a debtor avoided making any payment to the creditor for the better part of a year." *Volvo Fin. Servs. v. Hundal*, No. 1:19-cv-00455-DAD-EPG, 2021 WL 2915356, at *2 (E.D. Cal. July 12, 2021) (citation modified); *see also Smagin v. Yegiazaryan*, 733 F. App'x 393, 396 (9th Cir. 2018) (noting in dicta that "a refusal to pay a judgment qualifies" as "a showing of need for the [turnover] order"); *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, CASE NO.: CV 07-05808 SJO (FFMx), 2012 WL 12882007, at *3–4 (C.D. Cal. Aug. 9, 2012) ("The Court finds a turnover order appropriate to help curtail [the judgment debtor's] continued dilatory tactics and give effect to the assignment order, and finds that [the judgment debtor's] behavior in refusing to pay any portion of the . . . judgment suffices to demonstrate the need for such an order."). Courts have declined

to find the requisite "showing of need" where, for example, the judgment debtor "has expressed an intention to comply with fulfilling the judgment" by "offer[ing] to forward payments . . . without a court order." *See SAS Inst. Inc. v. World Programming Ltd.*, Case No. LACV 18-00603-VAP (PJWx), 2018 WL 6843724, at *5 (C.D. Cal. Mar. 23, 2018).

Judgment was entered against Defendants over a year and a half ago. (*See* Docs. 205, 292, 293.) Defendants have not paid any part of that judgment. (Doc. 287 at 2.) Given the "relatively low" threshold required, and given Defendants' sustained resistance to making any payments to Plaintiffs, the Court finds that Plaintiffs have sufficiently demonstrated a "showing of need" for the turnover order.

**2. Other Requirements of § 699.040**

The Court has concerns regarding Plaintiffs' compliance with the other provisions of § 699.040. Section 699.040 provides for a turnover order that requires "the judgment debtor to transfer to the levying officer" the property sought. It does not "allow turnover of the property or the title to judgment creditors or their counsel." *Icho v. PacketSwitch.com, Inc.*, No. CV 1-20858-LHK (PSG), 2012 WL 4343834, at *2 (N.D. Cal. Sept. 21, 2012) (citing *Palacio Del Mar Homeowners Ass'n, Inc. v. McMahon*, 174 Cal. App. 4th 1386, 1391 (2009)). Nor does it authorize "a turnover order requiring third parties to transfer the property sought." *Office Depot, Inc. v. Zuccarini*, 488 F. Supp. 2d 920, 922 (N.D. Cal. 2007) (denying request for turnover order that would require "third parties in control of internet domain names owned by [the judgment debtor] to transfer those domain names to [the judgment creditor] so that they [could] be auctioned off to satisfy the judgment"). Finally, the statute "limits itself to tangible property that can be levied upon by taking it into custody." *McMahon*, 174 Cal. App. 4th at 1391 (citation modified).

Here, Plaintiffs request that the charged assets and management fees be turned over directly to them or to their lawyers' client trust account, rather than to the levying officer. (*See* Doc. 287 at 5.) This does not appear to be allowed. *See Icho*, 2012 WL 4343834, at *2. And to the extent that Plaintiffs request turnover of "the judgment debtor's partnership interest" (*see* Doc. 291 at 3), Plaintiffs have not sufficiently demonstrated that this interest

is capable of being taken into custody. *See McMahon*, 174 Cal. App. 4th at 1391.[1] Finally, Plaintiffs request that Kaufman Rossin, "a third-party administrator, turn over all funds belonging to Alberto Roditi and 50% of funds maintained in Roditi & Roditi LLC." (Doc. 287 at 2.) Although Kaufman Rossin is the fund administrator for NRI LP, Plaintiffs appear to concede that they are a third party, and § 699.040 does not allow a turnover order directing third parties to transfer property. *See Zuccarini*, 488 F. Supp. 2d at 922. Thus, even if Plaintiffs had complied with the requirements for ex parte relief, the Court would deny the request for a turnover order without prejudice. If Plaintiffs file a renewed turnover order request, they shall address each of the concerns noted above and provide authority supporting their right to the requested relief.

**D. Foreclosure**

Plaintiffs also raise for the first time in their reply brief that "the Court may order foreclosure on the judgment debtor's partnership interest" under California Corporations Code §§ 15907.03(b), 17705.03(b). (Doc. 291 at 3.) A "district court need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), and the Court declines to do so here. Although "such foreclosure is authorized by law, . . . the trial court should consider whether foreclosure of a charged partnership interest will unduly interfere with partnership business before the court exercises its equitable powers to order foreclosure." *Hellman v. Anderson*, 233 Cal. App. 3d 840, 843 (1991) (remanding to the trial court to undertake this analysis because "no evidentiary showing was made on the effect of foreclosure on partnership business"). If Plaintiffs file a renewed request for foreclosure, Defendants will bear the burden of proving that foreclosure will unduly interfere with the partnership's business. *See id.* at 853.

---

[1] The Court makes no finding here as to whether a partnership interest may be "taken into custody" for turnover order purposes. The Court just notes that Plaintiffs, who bear the burden of demonstrating that a turnover order is appropriate, cite no authority in support of their assertion.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' Ex Parte Motion (Doc. 287) is **DENIED without prejudice**. Plaintiffs may file a renewed request for relief on or before **October 23, 2026**. Defendants **SHALL RESPOND** on or before **November 6, 2026**. The Court will set a hearing on any renewed request after reviewing the Parties' briefs.

**IT IS SO ORDERED.**

DATE: September 21, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE